**Forrest Silva TUCKER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15048.**

United States Court of Appeals
Ninth Circuit.

June 26, 1956.

---

Forrest Silva Tucker, Alcatraz, Cal., for appellant, in pro. per.

Laughlin E. Waters, U. S. Atty., Louis Lee Abbott, Leila F. Bulgrin, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, LEMMON, Circuit Judge, and SOLOMON, District Judge.

DENMAN, Chief Judge.

Tucker, a federal prisoner held in custody at the United States Penitentiary at Alcatraz, appeals from a judgment denying his " 'motion in the nature of a writ of error coram nobis' ".[1] He contends that the District Court erred in denying the motion without a hearing. We agree.

On May 20, 1953, Tucker was sentenced to a 25-year term for robbery of a national bank with the use of a dangerous weapon, 18 U.S.C. § 2113, in the Northern District of California.[2] On August 3, 1953, Tucker was sentenced to a five-year term in the Southern District of California for a different bank robbery. He has yet to begin serving the five-year term, and it is this conviction he seeks to attack by coram nobis.

The trial in the Southern District was of Tucker and a co-defendant, one Bellew. Each defendant was appointed counsel by the court. Tucker's motion in the nature of a writ of error coram nobis alleged first that his counsel failed to properly defend him. He asserted that the attorney had previously represented the chief Government witness, the manager of the robbed bank, in a civil matter. Desiring to stay in the good graces of a former client, the attorney made only a perfunctory investigation before trial and failed to properly cross-examine this witness at the hearing.

Tucker next alleged that the Assistant United States Attorney in charge of the case had made a bargain with him which constitutes such misconduct as to invalidate the conviction. Tucker stated that he had attempted to call a number of witnesses who would testify that he was in Bakersfield at the time of the bank robbery in Los Angeles. The United States Attorney was worried that such witnesses, in casting doubt on the identification of Tucker as one of the bank robbers by the bank employees and customers, would also cast doubt on the co-defendant Bellew's identification by those employees and customers. Since Tucker had already been sentenced to 25 years in the Northern District of California case his counsel assured him the United States Attorney was not too interested in adding to that term, but was very interested in convicting Bellew. Consequently, the United States Attorney agreed that if Tucker would not call the Bakersfield witnesses, he would receive only a concurrent sentence or no sentence at all.

■ The United States contends that Tucker has not alleged sufficient facts to show that he was denied the effective as-

---

1. Cf. United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 254, 98 L.Ed. 248.

2. See United States v. Tucker, 9 Cir., 1954, 213 F.2d 784.

**240**

sistance of counsel.[3] However, if Tucker's court-appointed attorney neglected to prepare for trial by adequately questioning the manager of the robbed bank and failed to properly cross-examine this important prosecution witness at trial because of a prior attorney-client relationship with the bank manager and the possibility that this witness might again be a paying client, Tucker was denied his constitutional right to counsel.[4] Such a conclusion is fortified by the allegation that defense counsel was more interested in assisting the defense of Bellew, the co-defendant, than that of Tucker.

The Government next argues that from the files and records in the case the District Judge could have determined Tucker's allegations were untrue.[5] It argues that the District Judge could have referred to the transcript of testimony to refute Tucker's allegations of inadequate cross-examination of the bank manager, and since the transcript was not brought before this Court on appeal the District Court must be presumed to have rejected this allegation. However, we cannot tell from the record whether the District Court reviewed the transcript before issuing his order. It is *not* "apparent that the District Court decided the appellant's motion on its face in the light of the files and records of the case * * *."[6]

The Government contends that Tucker's attempts to call witnesses and defend the case after the alleged deal with the United States Attorney made the story so unbelievable from the records and files in the case so as to not warrant a hearing. The record does not show that the request occurred *after* the alleged agreement with the Assistant

United States Attorney. At the most, it shows it occurred on the same day.

A hearing should have been held on both issues.[7] The judgment is reversed.

3. Cf. Osborne v. Johnston, 9 Cir., 1941, 120 F.2d 947; United States v. Sturm, 7 Cir., 180 F.2d 413, certiorari denied 1950, 339 U.S. 986, 70 S.Ct. 1008, 94 L.Ed. 1388.
4. Cf. Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232.
5. See, e.g., United States v. Newman, D. C.D.C.1954, 126 F.Supp. 94.
6. Morales v. United States, 1 Cir., 1951, 187 F.2d 518, 519.
7. Cf. 28 U.S.C. §§ 2243, 2246, 2247.