**UNITED STATES of America,**
**Appellee,**

v.

**Juan BARILLAS, Defendant-Appellant.**

**No. 396, Docket 26811.**

United States Court of Appeals
Second Circuit.

Submitted May 24, 1961.

Decided June 28, 1961.

Juan Barillas, defendant-appellant, pro se.

Robert M. Morgenthau, U. S. Atty., S. D. N. Y., and Jonathan L. Rosner, Asst. U. S. Atty., New York City, for appellee.

Before CLARK and WATERMAN, Circuit Judges, and ANDERSON, District Judge.

ANDERSON, District Judge.

On February 9, 1956 the defendant, with nine co-defendants, was convicted and sentenced by the Honorable Thomas F. Murphy, after a trial, without a jury, in the Southern District of New York, on a charge of conspiracy to violate the Federal narcotics law. He was sentenced to a term of imprisonment for two years and was fined $1; the payment of the fine was remitted. On November 7, 1960 the appellant moved in forma pauperis seeking to attack the sentence under § 2255

of Title 28 U.S.C. He based his claims for relief on several allegations of error which Judge Murphy found insufficient on December 1, 1960 and it is from the denial of his motion that Barillas appeals.

In the light of the record, a review of the claims of error originally made by the appellant supports Judge Murphy's judgment that they show that the prisoner is entitled to no relief.

■ About two months after the docketing of the appeal in this court, the appellant in his "addition to brief," dated April 13, 1961, repeated his claim that certain of the Government witnesses, at the trial in which he was convicted, perjured themselves and then went on to charge, for the first time, that the allegedly perjurous testimony was procured by and with the knowledge of the Government. It appears that this claim was never suggested in the trial and was never heard nor passed upon by Judge Murphy. This court will not consider claims of errors in the trial raised for the first time on appeal unless there is a showing of manifest injustice. Johnson v. United States, 1943, 318 U.S. 189, 200, 63 S.Ct. 549, 87 L.Ed. 704; United States v. Atkinson, 1936, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555; Troupe v. Chicago, D. & G. B. Transit Co., 2 Cir., 1956, 234 F.2d 253, 259–260.

■ In his "addition to brief" the appellant alleges that at the trial a Government witness, one Ahmad K. Salim, testified that the appellant was introduced to him, Salim, by one Abelardo Martinez Rodriguez and that the said Rodriguez was appellant's dope supplier.

The appellant further claims that three years after the trial, the Government was granted leave to *nolle* the charges against Abelardo Martinez Rodriguez on the representation at that time by the Assistant United States Attorney that Rodriguez and a co-conspirator "have never been in the United States." The appellant argues that the witness Salim could not, therefore, have been telling the truth when he testified that Rodriguez introduced the appellant to him in New York,

and, moreover, that the United States District Attorney knew this, both at the time appellant was indicted and when he was tried. He also alleges that another Government witness, one Andres Sanchez, named in the indictment as a co-conspirator but not as a defendant, testified at the time as to meetings in New York City, sometime between 1954 and 1955, with the said Abelardo Martinez Rodriguez and that these meetings were described in the indictment as a part of the overt acts committed in furtherance of the conspiracy of which the appellant was found to be a member.

There is not enough of the record before us to determine the claim concerning Salim's testimony nor is there anything to show that the only overt act found proven by the trial court was the one testified to by Sanchez. However, the appellant was not represented by counsel in making this application and his claims, although inartistically made, charge a denial of due process which is a proper basis for a motion under § 2255. Napue v. People of State of Illinois, 1959, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed. 2d 1217; Mooney v. Holohan, 1935, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791; Pyle v. State of Kansas, 1942, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214; United States v. Spadafora, 7 Cir., 1952, 200 F. 2d 140.

The Government offered no denial or explanation of the appellant's factual charges and, if they were found to be true, he would be entitled to have his conviction set aside. We are of the opinion that the appellant should have an opportunity to be represented by counsel and have his claim heard by the District Court.

■■ As a motion made under § 2255 is not *res adjudicata*, except as to matters actually decided, United States ex rel. Accardi v. Shaughnessy, 1954, 347 U.S. 260, 263 note 4, 74 S.Ct. 499, 98 L. Ed. 681, a new motion could be presented to the trial court even if this appeal were dismissed. Under the circumstances this would be a perfunctory procedure and we,

therefore, remand for a hearing on the claim never presented to or heard by Judge Murphy, i. e. the knowing and willful use by the Government of perjured testimony.