**UNITED STATES ex rel. James A. MILLER**

v.

**David N. MYERS.**

**Misc. No. 3144.**

United States District Court
E. D. Pennsylvania.

April 5, 1966.

Murry Powlen, Philadelphia, Pa., for relator.

R. Hart Beaver, Asst. Dist. Atty., of Lebanon County, Lebanon, Pa., for respondent.

DAVIS, District Judge.

The relator is presently serving a sentence of 8 to 16 years for two burglaries in Lebanon County, Pennsylvania. Having exhausted his state remedies pursuant to 28 U.S.C. § 2254, he now petitions this court for a Writ of Habeas Corpus releasing him from custody on the ground that he was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States.

In the summer of 1963, the relator was arrested for the burglary of a gospel mission in Lebanon, Pennsylvania. He then retained an attorney who obtained bail for him. On September 15, 1963, while out on bail, the relator was arrested for two other burglaries, one of which involved the home of people named Winklebleck and the other the Lou and U. Restaurant.

Despite his request, the relator was not allowed to call his attorney until the police had completed their interrogation. Some twenty hours after his arrest and after extensive questioning by the police, the relator signed confessions to these two burglaries.

In the meantime, his lawyer had read about his arrest in the daily newspaper. He came to see him in the jail on either September 16 or 17, but it was after he had signed his confessions. Although nothing explicit was said, both assumed the attorney would represent the relator in these cases as well as in the earlier matter.

While the attorney was aware of some other evidence against the relator in connection with at least one of these burglaries, he admitted that his advice to the defendant to plead guilty "was substantially based upon the fact that a thoroughly incriminating statement or confession had been given by the defendant." The attorney also testified that the relator was apt to be sentenced under the Habitual Offenders Act due to his previous record and that after consultation with the District Attorney, he advised the relator that cooperation with the authorities "is all you have to work for you as far as getting any leniency from the court."

The relator entered a guilty plea to the single indictment, which specified both the Winklebleck and Lou & U. Restaurant charges, and was sentenced to prison on December 9, 1963 [1] on his plea to that indictment.

The attorney who represented the relator was at the same time representing

1. His sentence was computed from September 16, 1963.

in an unrelated civil matter the Carpenters who were the owners of the Lou and U. Luncheonette which the petitioner had allegedly burglarized. The lawsuit involving the Carpenters had begun in the summer of 1963 and was not terminated until the spring of 1964. The attorney never informed the accused about these clients, and it was not until some months later that the relator learned from a newspaper article that his attorney had been simultaneously representing the victims of the burglary.

The cases are legion which hold that a defendant is denied his constitutional right to counsel if his attorney represents conflicting interests without his knowledge and assent. See e. g. United States v. Glasser, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Randazzo v. United States, 339 F.2d 79 (5th Cir. 1964); Peek v. United States, 321 F. 2d 934 (9th Cir. 1963), cert. denied 376 U.S. 954, 84 S.Ct. 973, 11 L.Ed.2d 973 (1964); United States v. Bentvena, 319 F.2d 916 (2nd Cir. 1963), cert. denied sub nom., Ormento v. United States, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271 (1963); Porter v. United States, 298 F.2d 461 (5th Cir. 1962); Cf. Tucker v. United States, 235 F.2d 238 (9th Cir. 1956). A showing of actual prejudice is not required; all that is necessary is a showing of a conflict. Glasser v. United States, supra; Goodson v. Peyton, 351 F.2d 905, 908 (4th Cir. 1965). The question therefore narrows itself to whether an attorney is representing conflicting interests in violation of the accused's constitutional right to counsel when at the same time he both represents the victims of the crime in an unrelated civil suit and defends the accused without informing him of this dual representation and without obtaining his knowledgeable consent.

It takes no great understanding of human nature to realize that the individuals who had been burglarized might be less than happy and might go so far as to remove the attorney from their good graces if this defendant were acquitted or received a light sentence or were placed on probation. Moreover, if the case had gone to trial it might have meant an investigation involving the Carpenters and even cross-examination of them on the stand. The entire situation could be very embarrassing for the lawyer who is naturally interested in having the legal business of the Carpenters, especially when they are much more able to compensate him for his services than the defendant. The circumstances here are such that an attorney cannot properly serve two masters.

We hasten to add that we are not ascribing to the attorney involved anything but the highest motives nor are we saying that the defendant was necessarily prejudiced. We do say, however, that it was certainly an error in judgment not to have informed the accused of these other clients so that he would have had an opportunity to decide whether he wanted to continue to retain him under the circumstances.

We are dealing here with the life of an individual who stood to be incarcerated for 20 years. His right to counsel under the Constitution is more than a formality, and to allow him to be represented by an attorney with such conflicting interests as existed here without his knowledgeable consent is little better than allowing him no lawyer at all. See Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). This situation is too fraught with the danger of prejudice, prejudice which the cold record might not indicate, that the mere existence of the conflict is sufficient to constitute a violation of relator's rights whether or not it in fact influences the attorney or the outcome of the case.

Under the circumstances, the relator was deprived of the assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

We note in closing that we have in no way passed upon the admissibility of relator's confessions since he has not exhausted his state remedies as to them. Inasmuch as we are remanding the case to the Court of Oyer and Terminer and General Jail Delivery of Lebanon Coun-

58

ty, Pennsylvania, it will be sufficient if they are considered at that time.

## ORDER

AND NOW, this 5th day of April, 1966, it is hereby Ordered that the relator be released from custody within sixty days unless during that time he is retried with the effective assistance of counsel by the Court of Oyer and Terminer and General Jail Delivery of Lebanon County, Pennsylvania.