■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FLOYD HAROLD LA BRAKE, Appellant.— GREENBLOTT, J.

Order affirmed. Herlihy, P. J., Reynolds, Greenblott and Sweeney, JJ., concur in memorandum by Greenblott, J.; Cooke, J., dissents and votes to reverse in a memorandum. Cooke, J. (dissenting). At issue here is whether or not defendant is entitled to a hearing. His petition alleges: that he was charged with burglary in the first degree in entering the dwelling of Thomas Vensel on November 12, 1967; that the Franklin County Public Defender was assigned to represent him and thereafter, with the Assistant Public Defender, visited him to learn "his tale concerning the

alleged burglary and to prepare for trial"; that, although the assistant conducted the examination of witnesses at trial, the Public Defender "was always present and overseered, piloted, advised and influenced [the assistant] in his representation of petitioner to such an extent that petitioner was, for all practical purposes, vicariously represented" by the Public Defender; that the Public Defender took part in a chambers discussion involving the prosecution's attempt to introduce an alleged confession; that he countermanded defendant's request that he call as witnesses three patrolmen familiar with his condition; that the Public Defender at the same time was representing a certain corporation in a civil matter, having been retained by its manager, Vensel, the complainant and person whose home allegedly was burglarized; that defendant learned of the Public Defender's representation of that corporation "as retained by Vensel" subsequent to trial; and that the simultaneous "representation of Thomas Vensel's interest, and that of petitioners', constituted a conflict of interest * * * and deprived petitioner of effective representation counsel * * * in violation of the Sixth and Fourteenth Amendments." In connection with the failure to call the three witnesses, it was further asserted that two of them observed defendant two days before the alleged crime, the third a few hours before at a hospital; that they could have testified that he appeared to be hallucinating, incoherent and delirious; and that these witnesses would have given factual support to the expert opinion of Dr. Clifford, defendant's expert witness, who opined that defendant's conduct on the evening in question was induced by mental instability. Although court minutes show that the Assistant Public Defender was assigned to represent defendant after the interview, the petition poses the issue of whether the Public Defender remained "in the picture". The right to counsel guaranteed by the Constitution contemplates the services of an attorney devoted solely to the interests of his client (*Von Moltke* v. *Gillies*, 332 U. S. 708, 725; *Glasser* v. *United States*, 315 U. S. 60, 70; Frank, Coram Nobis, pp. 104–105). A defense lawyer cannot act with that degree of loyalty which effective representation requires if he has conflicting commitments to other clients not on trial (*Goodson* v. *Peyton*, 351 F. 2d 905, 908). Conflict of interest of defense counsel is not to be equated with incompetence, mistake in judgment, error in trial strategy or misconception of law. Because of the antagonistic positions between a defendant and the victim of the crime, who in this instance is alleged also to be the complainant in the criminal prosecution, and since defendant's allegations would if true, demonstrate a denial of effective counsel, a hearing should have been held to determine the truth of the allegations (cf. *United States* v. *Hayman*, 342 U. S. 205, 219–220; *Porter* v. *United States*, 298 F. 2d 461, 463–465). In *Zurita* v. *United States* (410 F. 2d 477), it was held that allegations regarding defense counsel's business connections with the bank claimed to have been robbed entitled petitioner to an evidentiary hearing. In *Tucker* v. *United States* (235 F. 2d 238), involving a similar situation but one not as strong as here where simultaneous representation is asserted, it was stated at page 240: "If Tucker's court-appointed attorney neglected to prepare for trial by adequately questioning the manager of the robbed bank and failed to properly cross-examine this important prosecution witness at trial because of a prior attorney-client relationship with the bank manager and the possibility that this witness might again be a paying client, Tucker was denied his constitutional right to counsel." In *Taylor* v. *United States* (226 F. 2d 337), the conviction was reversed and a new trial ordered where counsel also represented the informer who was a government witness. In *People* v. *Stoval* (40 Ill. 2d 109), the Illinois Supreme Court held· that a defendant, whose trial counsel also represented the jewelry store which defendant was accused of burglarizing, was denied effective assistance

of counsel. Where defendant's counsel represented the burglary victim in an unrelated civil suit, it was found in *United States ex rel. Miller* v. *Myers* (253 F. Supp. 55) that defendant's constitutional right to counsel was abridged. There are factual questions to be resolved and appellant's averments, even if considered unlikely or improbable, are neither so incredible as a matter of law nor are they refuted by the record so that he is not entitled to a hearing (*People* v. *Bagley*, 23 N Y 2d 814). That the Public Defender didn't interrogate a witness or open and close to the jury is not controlling, for it is asserted, in effect, that he represented defendant and controlled the defense, specific instances of his participation being supplied. Nor can it be overlooked that the Assistant Public Defender was the subordinate and was appointed and had his salary fixed by the Public Defender (County Law, § 716). Although prejudice is claimed and outlined in the petition, it was held in *Glasser* v. *United States* (315 U. S. 60, 76, *supra*), a case involving conflict of interest, that the "right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial." We were reminded recently in *Kaufman* v. *United States* (394 U. S. 217) that "'[c]onventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged'" (p. 228). The order should be reversed and the matter remitted for a hearing.