THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DOUGLAS OWENS, Defendant-Appellant.

First District (4th Division)    No. 78-574

Opinion filed March 15, 1979.

Ralph Ruebner and Gordon Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

Following a jury trial in the circuit court of Cook County, the defendant, Douglas Owens, was found guilty of armed robbery and sentenced to a term of 10 to 20 years in the penitentiary. On appeal, the defendant argues he was denied the effective assistance of counsel because his attorney had represented the complaining witness in a prior criminal proceeding; that the trial court erred in barring the defense from introducing the complainant's prior felony conviction for impeachment purposes; and that he was denied effective assistance of counsel at the post trial motion and sentencing proceeding because his defense counsel was not prepared and did not file a post trial motion.

Before trial commenced the State filed a motion *in limine* asking (1) that the defendant's attorney, E. Duke McNeil, be prohibited from mentioning or presenting to the jury the fact that he knew or represented the complaining witness, Wade Batteast, on a motion to vacate a bond forfeiture; and (2) that the court prohibit the defense from introducing the complainant's 16-year-old conviction for assault with intent to rob. The trial court granted the motion.

The record contains no information about the extent or duration of McNeil's representation of Batteast, when that attorney-client relationship occurred, and whether, in fact, it was limited to a bond forfeiture motion. At the hearing on the State's motion *in limine*, the Assistant State's Attorney indicated that the prior representation may not have been restricted to the one bond motion. McNeil made no comment concerning either the bond forfeiture motion or any other representation of Batteast.

At trial, Batteast and two police officers testified that Batteast's grocery store, located at the corner of Marquette and Aberdeen in the City of Chicago, was robbed by three men at approximately 9 p.m. on November 14, 1973. Batteast and one of the police officers identified the defendant as one of the robbers. The defendant's brother and mother testified that he was sick at home on the day in question.

At the sentencing hearing McNeil said he was not prepared and asked that the case be continued until later in the week. The trial judge asked McNeil to read the presentence report and called a recess. The State pointed out a number of factors in aggravation while McNeil made

an argument in mitigation. The court then sentenced the defendant. No post trial motions were filed by the defense.

We first address the alleged conflict of interest. An attorney owes his client his undivided loyalty in representing him, particularly where the client is charged with a criminal offense. (*People v. Grigsby* (1977), 47 Ill. App. 3d 812, 365 N.E.2d 481.) Where the attorney's efforts are hindered by his commitments to other persons, the defendant's sixth amendment right to effective assistance of counsel is violated. *People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441; *People v. Coslet* (1977), 67 Ill. 2d 127, 364 N.E.2d 67.

In *Stoval*, the Illinois Supreme Court held a conflict of interest arises and the defendant is denied effective assistance of counsel " '* * * * if counsel, unknown to the accused and without his knowledgeable assent, is in a duplicitous position where his full talents—as a vigorous advocate having the single aim of acquittal by all means fair and honorable—are hobbled or fettered or restrained by commitments to others.' " (*Stoval*, 40 Ill. 2d 109, 112, 239 N.E.2d 441, 443, quoting *Porter v. United States* (5th Cir. 1962), 298 F.2d 461, 463.) Nine years later the court in *Coslet* described the rule in the following terms:

> "This court adopted a *per se* conflict-of-interest rule in *People v. Stoval* * * * whereby allegations and proof of prejudice are unnecessary in cases where a defense counsel, without the knowledgeable assent of the defendant, might be restrained in fully representing the defendant's interests due to his or her commitments to others * * *." (*Coslet*, 67 Ill. 2d 127, 133, 364 N.E.2d 67, 70.)

The *Stoval* court also found there could be no waiver of this issue unless the defendant "was adequately informed of the significance of conflict of interests * * * and that he understood how a conflict could affect, sometimes subtly, a client's representation." *Stoval*, 40 Ill. 2d 109, 114, 239 N.E.2d 441, 444.

The cases demonstrate a variety of situations involving *per se* conflicts. In *Stoval*, the court reversed where the defendant's appointed counsel had earlier personally represented both the store which was held up and the owner of the store, and his law firm continued to represent both the store and the owner. The *Stoval* court quoted at length from a Federal district court opinion which noted the possibility that the witness-clients might be displeased if the defendant were acquitted, given a light sentence, or placed on probation, and that had the case gone to trial the owners might have been cross-examined, thereby causing embarrassment or pecuniary detriment to the attorney. (*Stoval*, 40 Ill. 2d 109, 112, 239 N.E.2d 441, 443, quoting *United States v. Myers* (E.D. Pa. 1966), 253 F.

Supp. 55, 57.) In *People v. Meyers* (1970), 46 Ill. 2d 149, 263 N.E.2d 81, the court reversed where the defendant's appointed counsel also represented the defendant's wife on a possible dramshop action and the attorney's contingent fee from the wife's suit presumably would have increased proportionately with the length of the defendant's sentence.

In *People v. Kester* (1977), 66 Ill. 2d 162, 361 N.E.2d 569, the court reversed where the appointed counsel who represented the defendant at the time his guilty pleas were accepted had appeared earlier in the same criminal proceeding on behalf of the State as an Assistant State's Attorney. The *Kester* court noted that while the case did not involve concurrent representation, as in *Stoval*,

> "[W]e believe that a potential conflict of interest nevertheless exists in a situation such as this when a prosecutor who personally has been involved in the prosecution of a defendant in a particular criminal proceeding later assumes the duties of court-appointed defense counsel for that defendant in the same proceeding." (*Kester*, 66 Ill. 2d 162, 167, 361 N.E.2d 569, 571.)

The *Kester* court recognized that the attorney's former association with the prosecution could inure to the benefit of the accused but that he could also be subject to subtle influences which might affect his ability to defend the defendant in an independent and vigorous manner. The court noted, for example, that the attorney might be hesitant to attack pleadings or other actions and decisions by the State which he may have been involved in or responsible for. In *People v. Coslet* (1977), 67 Ill. 2d 127, 364 N.E.2d 67, the court reversed where the defendant's court-appointed attorney also represented the murder victim's estate and a conviction on the homicide charge could have barred the defendant's share in their joint property.

In recent appellate court cases reversal occurred where the defendant's privately retained attorney had represented the complaining witness in another criminal matter and was considering representing him again in the near future on another unrelated criminal matter (*People v. Grigsby* (1977), 47 Ill. App. 3d 812, 365 N.E.2d 481), and also where defense counsel had previously represented a prosecution witness in an involuntary commitment proceeding and the court found the "general subject matter of this previous employment was a proper subject for cross-examination and impeachment in the instant case." *People v. Drysdale* (1977), 51 Ill. App. 3d 667, 672, 366 N.E.2d 394, 397.

In *Stoval, Meyers, Kester, Coslet, Grigsby* and *Drysdale* the records on appeal contained facts sufficient to allow the reviewing courts to determine that the defendant's counsel might be restrained in fully representing the defendant's interest due to his commitment to others. (*Coslet.*) In each of those cases a *per se* conflict, requiring reversal, was

found. Although the record before us contains no indication that the defendant's representation by McNeil was affected by the attorney's prior representation of Batteast, we are not able to confirm or deny the defendant's allegation of a *per se* conflict on the basis of the limited facts in the record before us. We therefore find it necessary to vacate the judgment and remand the cause to the trial court for a hearing on this issue.

■■ The issue at the hearing on remand will be whether McNeil's past or present "commitment" to Batteast was such as to possibly restrain him in fully representing the defendant's interests. If such a commitment is found to exist, the defendant must be granted a new trial even absent a showing of actual prejudice. If no *per se* conflict of interest is found, the trial court should enter a new judgment of conviction.

■■ Factors which indicate the existence of a commitment amounting to a *per se* conflict include the following: an inability to cross-examine the witness-client effectively due to the possibility of embarrassment to the client or pecuniary detriment to the attorney (*Stoval*); the inability to impeach the witness-client due to the attorney's possession of confidential information given him by the witness-client which is subject to a continuing attorney-client privilege (*Grigsby; Drysdale*); whether an attorney-client relationship continues to exist between the attorney and the witness-client (*Grigsby*); and, finally, whether the facts indicate the attorney is subject to "subtle influences" which may have adversely affected his ability to defend his client (*Kester*). Evidence of such a commitment becomes critical "only if there exists some nexus between it and the representation of the defendant from which a possibility of restraint in that representation may be inferred." Ehrmann, *The* Per Se *Conflict of Interest Rule in Illinois*, 66 Ill. Bar J. 578, 579 (1978).

The defendant next argues the trial court erred in barring the defense from showing that the complainant had a prior conviction for assault with intent to rob. The conviction occurred in 1961, and the trial judge believed the 10-year rule of *People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695, barred its admission into evidence.

In *Montgomery* the Illinois Supreme Court directed that the provisions of the then proposed Rule 609 of the Federal Rules of Criminal Procedure be followed in future cases by Illinois courts. Proposed Rule 609 (later adopted in a slightly different form, see Fed. Rules Evid. Rule 609, 28 U.S.C.A.), applicable to impeachment of witnesses generally, provided in part that prior convictions were not admissible if more than 10 years had elapsed since the date of conviction or the release of the witness from confinement, whichever occurred later.

■■ The defendant argues that the *Montgomery* holding applies only to defendant-witnesses and not to State witnesses. Although *Montgomery*

concerned the admissibility of a prior conviction to impeach the defendant, later Illinois cases have not found the effect of the rule to be so limited. (See, *e.g., People v. Jacobs* (1977), 51 Ill. App. 3d 455, 366 N.E.2d 1064; *People v. Thomas* (1978), 58 Ill. App. 3d 402, 374 N.E.2d 743.) Because Batteast's prior conviction occurred more than 10 years prior to the trial of this cause, the trial judge was acting within his discretion in barring its introduction.

Finally, the defendant argues he was denied the effective assistance of counsel at the post-trial and sentencing proceeding where his attorney did not prepare and file a post trial motion.

A general claim of ineffective assistance of counsel requires a demonstration of actual incompetence and a showing of substantial prejudice (*People v. Newell* (1971), 48 Ill. 2d 382, 368 N.E.2d 17), unlike the conflict of interest situation discussed earlier. The defendant clearly was able to appeal his conviction even in the absence of a post trial motion and, at the oral argument, the defendant's appeal counsel conceded that no grounds of appeal had been lost as a result of this omission. Under these circumstances we believe the defendant has not demonstrated actual incompetence resulting in substantial prejudice.

For the foregoing reasons the judgment of the circuit court is vacated and the cause remanded for further proceedings not inconsistent with this opinion.

Vacated and remanded.

LINN and ROMITI, JJ., concur.