THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DONALD E. ALLEN, Defendant-Appellant.

Third District  No. 78-6

Opinion filed July 6, 1979.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

The defendant, Donald Allen, pleaded guilty to one count of contributing to the sexual delinquency of a minor and to two counts of indecent liberties with a child in the Circuit Court of Peoria County. He was sentenced to a term of 364 days for contributing to the sexual delinquency of a minor and to two terms of 7 to 21 years for indecent liberties with a child, with all sentences to run concurrently. The defendant filed a motion to withdraw his guilty pleas and vacate his convictions and sentences which was denied following a hearing thereon. The defendant appeals from that denial.

On appeal it is asserted that the defendant was denied effective assistance of counsel because of an alleged conflict of interest which arose at the hearing on his motion to vacate his guilty plea where the former prosecuting attorney was a member of the public defender's staff at the time of the hearing and was sworn as a State's witness.

Donald Allen was represented by privately retained counsel, attorney James Reynolds, up to the time of his motion to vacate his guilty pleas. He, his attorney, and the State's Attorney's office had entered into plea negotiations which resulted in additional charges against Allen being dismissed and his pleas of guilty to the other charges for which convictions were ultimately entered. Defendant acted within 30 days of his sentencing by writing a letter to Judge Calvin R. Stone indicating that his privately retained attorney would not appeal until he was paid and that the same attorney had assured him that he would receive probation if he pleaded guilty. Thereafter the Peoria County public defender's office was appointed to represent the defendant. Sometime subsequent to the sentencing stage of the proceedings the assistant State's Attorney who had handled this prosecution, Donald Courson, left his employment with the State's Attorney for a new job with the defendant's recently appointed counsel, the Peoria County public defender.

The hearing commenced and following the defendant's direct examination of the first witness the public defender handling the case, John Riddle, pointed out to the court the fact that he had just been informed that his colleague in the public defender's office, Donald Courson, the former prosecuting attorney in this particular case, was to be called as a State's witness. Attorney Riddle characterized the situation as one creating an appearance of conflict. Riddle also stated that had the facts of the situation surfaced days earlier he would have moved to withdraw from the case. The trial court stated for the record, "We'll have to * * * have it brought out if and when he's called as a witness." The hearing proceeded with cross-examination, redirect, and re-cross-examination of the defendant, after which the defense rested its case. The

prosecution, as respondent in the proceeding, called its first witness, James Reynolds, defendant's former privately retained attorney. Following his testimony, the former prosecutor, now public defender, Donald Courson, was sworn in as a State's witness. The trial court then granted the public defender's motion to withdraw as counsel for defendant, it appearing that an appearance of conflict of interest would be present if one member of the public defender were to be placed in a position of having to cross-examine a member of his own staff.

The trial court then appointed private counsel, attorney Arthur Inman, to represent the defendant. The hearing was then continued generally and defendant's new appointed attorney was given time to review the proceedings of the hearing to that date. The testimony and argument was ordered to be transcribed and made available for attorney Inman's perusal. He was also given leave to amend the defendant's petition to vacate, to reopen and to call additional witnesses, and to cross-examine the witness who had testified for the State. Over 6 weeks later the hearing was again convened. The defendant and his newly appointed attorney, Arthur Inman, were present. Inman filed a certificate with the court stating that he had reviewed the record of the hearing to date and made the necessary amendments to the petition and also had consulted with defendant Allen. The hearing proceeded with the defense reopening its case to call defendant's wife as a witness at the conclusion of the prosecutor's evidence.

Defendant contends that a per se conflict of interest arose in his attorney at the hearing on the motion to withdraw his guilty plea and to vacate the judgments and sentences. He argues that error occurred when the trial court failed to terminate the hearing and begin anew as soon as the conflict of interest presented itself.

In *People v. Robinson* (1978), 59 Ill. App. 3d 514, 375 N.E.2d 582, we concluded that the per se conflict of interest doctrine should not be applied blindly but should be applied to each case upon the basis of reasonable and realistic factors of the particular case. Defendants should be protected in criminal matters from being imposed upon by being represented by counsel with competing interests and less than absolute loyalty. A similar situation of conflict arose in the case of *People v. Kester* (1977), 66 Ill. 2d 162, 361 N.E.2d 569. There the court appointed defense counsel, at the time defendant's guilty pleas were accepted, had appeared earlier in the same proceeding against the same defendant as a member of the State's Attorney's staff. The supreme court stated, "[W]e believe that a potential conflict of interest nevertheless exists in a situation such as this when a prosecutor who personally has been involved in the prosecution of a defendant in a particular criminal proceeding later assumes the duties of court-appointed defense counsel for the defendant in the same

proceeding." (*People v. Kester* (1977), 66 Ill. 2d 162, 167, 361 N.E.2d 569, 571.) It was also stressed that the defendant may have difficulty showing the extent to which the potential conflict of interest in his attorney prejudiced him. (*People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441.) In *Stoval* the defendant's court-appointed counsel in a burglary prosecution was a member of the law firm and who had personally represented the victim of the crime in the past. There the court recognized the existence of a potential conflict of interest and the less than undivided and disinterested loyalty of a defense attorney to his client. (Accord, *People v. Owens* (1979), 69 Ill. App. 3d 599, 388 N.E.2d 170.) We recognize the potential conflict of interest in the present case as did the trial court. The fact that the former prosecutor, Donald Courson, did not personally represent the defendant is of little significance in light of his association with the staff of the public defender who was appointed to represent the defendant. *People v. Freeman* (1977), 55 Ill. App. 3d 1000, 371 N.E.2d 863.

We believe the case of *People v. Kester* (1977), 66 Ill. 2d 162, 361 N.E.2d 569, is distinguishable, however. Although a potential conflict of interest was present in both that case and in the one at bar, no attempt to cure the conflict in a timely fashion was attempted in the *Kester* case. The trial court in the present case was presented early in the proceeding, after the defendant as the first witness had testified on direct examination, with the possibility of a conflict of interest. In an exercise of discretion the trial court decided it would be more appropriate to raise the matter if and when Courson was called to testify for the State. When this occurred the trial court was quick to take appropriate action to cure the conflict that had arisen. The public defender was allowed to withdraw and a new private attorney, Inman, was appointed to represent the defendant Allen. The newly appointed counsel was then given every opportunity to review the entire proceedings that had taken place up to that point. Attorney Inman consulted both the record of the entire case to that date and with the defendant. He was allowed to amend the petition to withdraw the guilty pleas and vacate the judgments and sentences, and to open up his case in chief and present new evidence. After considerable time to acquaint himself with the case, over 6 weeks, the new attorney for defendant agreed to proceed with the hearing from where it had left off. He did so after obtaining leave to amend the petition and to open up his case in chief and bring in additional testimony at the close of the prosecutor's evidence.

In light of the liberality afforded to defendant Allen's newly appointed attorney and the action taken below we cannot agree with the defendant that prejudice resulted or that he was denied a fair hearing. The potential conflict of interest that presented itself was cured by the

appointment of new independent counsel without a conflict of interest. The trial court liberally allowed, in an exercise of his discretion, for the newly appointed attorney to back up the hearing and in effect begin anew if he believed that the defendant was prejudiced by a prior conflict of interest. If we were to remand the cause for a new hearing we cannot possibly conceive of a different result. Although the defendant claims ineffective assistance of counsel we conclude his last appointed counsel was effective and that the defendant was afforded a constitutionally fair hearing on his motion to withdraw his guilty pleas and vacate his convictions and sentences.

Defendant has relied for support of his theory of the existence of a per se conflict of interest upon *People v. Franklin* (1978), 60 Ill. App. 3d 905, 377 N.E.2d 556, *rev'd* (1979), 75 Ill. 2d 173. The opinion of the appellate court in that case was reversed by the supreme court and remanded for consideration of an additional issue. We believe the factual situation presented in the *Franklin* case is readily distinguishable from the instant appeal. No attempt was made in that case to timely cure the appearance of conflict of interest.

For the reasons stated the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

STENGEL and SCOTT, JJ., concur.