473 A.2d 193

**COMMONWEALTH of Pennsylvania**

v.

**James A. MILLER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 10, 1983.

Filed March 16, 1984.

Joseph C. Mesics, Public Defender, Lebanon, for appellant.

Daniel J. McDevitt, Assistant District Attorney, Lebanon, for Com., appellee.

Before WICKERSHAM, BECK and MONTEMURO, JJ.

MONTEMURO, Judge:

This is an appeal from the order of the Court of Common Pleas of Lebanon County denying the motion of appellant, James A. Miller, for expungement of a charge of burglary from his criminal record. Because we conclude that the lower court erred in its determination, the order should be vacated.

The facts relevant to the present appeal are as follows: On October 21, 1963, the appellant, James Miller, was

charged with the burglary[1] of a restaurant in Lebanon, Pennsylvania. After twenty hours of interrogation, without counsel being present, the appellant admitted the charges and signed a confession to that effect. On November 22, 1963 the appellant, on the advice of counsel, entered a plea of guilty to the burglary charge. He was sentenced to pay a fine of one hundred ($100.00) dollars, and to a term of eight (8) to sixteen (16) years imprisonment.

Subsequently, after exhausting his state court remedies, the appellant petitioned for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania. The appellant alleged, *inter alia*, that his trial counsel was ineffective in that he did not inform the appellant that he represented the victim of the alleged burglary in an unrelated civil matter. The Federal Court granted the requested relief and entered an Order directing that appellant be released from custody within sixty (60) days unless during that time he was retried with the effective assistance of counsel. See *United States ex rel. James A. Miller v. David N. Myers*, 253 F.Supp. 55 (E.D.Pa.1966).

The appellant then filed, in the court below, a motion to suppress his confession. This motion was never ruled on; however, on September 19, 1966, an order was issued releasing the appellant from prison. The appellant was never retried on the burglary charge.

On May 14, 1981, the appellant filed his motion to expunge the burglary conviction from his criminal record. Hearings were held on October 1, 1981 and February 1, 1982. In an order dated February 23, 1982, the Honorable G. Thomas Gates denied the appellant's motion to expunge. This appeal followed.

The appellant raises only one issue for our consideration; i.e., whether the lower court erred in denying the expungement motion, without requiring the Commonwealth to meet its burden of proof. That burden was delineated by our supreme court in *Commonwealth v. Wexler*, 494 Pa. 325,

1. 18 Pa.C.S.A. § 3502.

331, 431 A.2d 877, 880 (1981): "[I]f the Commonwealth *does* not bear its burden of proof beyond a reasonable doubt ... or admits it is *unable* to bear its burden of proof ..., the Commonwealth must bear the burden of justifying why the arrest record should not be expunged." (Emphasis in original). This standard was further explained by the court in *Commonwealth v. Chacker*, 320 Pa.Super. 402, 408–411, 467 A.2d 386, 389–90 (1983), where it was stated:

We read the unequivocal language in *Wexler* to foreclose explicitly a hearing court from continuing to shift the burden of persuasion to the petitioner seeking expungement merely because the Commonwealth made out a *prima facie* case of guilt on the part of the petitioner.[2] Thus, under *Wexler*, the burden to present compelling evidence against expungement is placed upon the Commonwealth if it has failed to establish the accused's guilt beyond a reasonable doubt (e.g., before the court of common pleas,) or the Commonwealth "admits that it is unable to bear its burden of proof." (Footnote omitted).

■ A review of the transcripts of the two hearings at which expungement was at issue, reveals that, with respect to the appellant's guilt, the Commonwealth produced only the following "evidence:"

Q. Taking you back to this 1963, No. 1 [sic, 10], September; you say you weren't represented by Mr. Whitman then?

A. 1963?

Q. Yes.

A. One of them I was.

Q. Yes, and—

A. And one of them was overturned in Federal Court.

Q. Do you remember Lou's restaurant?

A. Yes sir.

Q. Do you remember going in there and burglarizing that?

A. I remember I was charged with burglary, yes sir.

Q. You were charged with it?

A. Yes sir.

Q. And you plead [sic] guilty with Jim Whitman right along side of you?

A. Yes, sir, but that was overturned by Federal Court. (N.T. October 1, 1981, at 12). The total import of this exchange is that the appellant did indeed plead guilty to a charge of burglary on the advice of counsel who was later found to be ineffective by the Federal District Court for the Eastern District of Pennsylvania. Our case law makes it abundantly clear that a guilty plea entered by a defendant who has not been afforded the effective assistance of counsel is a nullity. *Commonwealth v. Wellington,* 305 Pa.Super. 24, 451 A.2d 223 (1982); *Commonwealth v. Belleman,* 300 Pa.Super. 209, 446 A.2d 304 (1982). Moreover, the "signed confession" alluded to in the portion of the lower court opinion which is cited by Judge Wickersham (see Dissenting Opinion at 197) is not a part of the record, and therefore cannot be considered.[2] *Commonwealth v. Young,* 456 Pa. 102, 317 A.2d 258 (1974); *Commonwealth v. Rini,* 285 Pa.Super. 475, 427 A.2d 1385 (1981).

■ Thus, we must conclude that, on the record before us, the Commonwealth has failed to sustain its burden of proving the appellant guilty beyond a reasonable doubt. The Commonwealth relies exclusively on the guilty plea and the "signed confession" as proof of the appellant's guilt. Although either would sustain the Commonwealth's burden if properly before us, we can only make our decision based on the facts contained in the record. The record is devoid of proof of appellant's guilt.

Finally, the only evidence introduced by the Commonwealth in support of its fallback position—i.e., producing compelling evidence to justify retention of the arrest record—was the arrest record itself. The Commonwealth

2. In any event, the "signed confession" was made by the appellant after twenty hours of interrogation *without counsel.* See opinion of Davis, J., 253 F.Supp. 55 at p. 56. In September, 1966, after the Federal District Court ordered that the appellant be granted a new trial, a motion to suppress the confession was filed. The burglary charge was never retried.

advances no reasons why the arrest record standing alone compels the retention of the appellant's record, nor do we perceive any. Thus, we would be forced to find that the Commonwealth had failed to meet its burden in the instant case. Consequently, the order of the court below is vacated, and the case remanded with instructions to expunge the burglary charge from the appellant's arrest record.

Vacated and Remanded. Jurisdiction is not retained.

WICKERSHAM, J., files dissenting opinion.

WICKERSHAM, Judge, dissenting:

I would affirm the order of the Honorable G. Thomas Gates denying appellant's motion to expunge.

On October 21, 1963, appellant, James Miller, was charged with having committed a burglary at the Lou & U Restaurant in Lebanon, Pennsylvania. Appellant signed a confession admitting that he committed the burglary. On November 22, 1963, the appellant entered a plea of guilty to the charge. He was sentenced to pay a fine of $100.00, to pay costs, and to undergo imprisonment for a term of not less than eight (8) nor more than sixteen (16) years.

After exhausting his state court remedies, appellant petitioned the United States District Court for the Eastern District of Pennsylvania for a writ of habeas corpus. On April 5, 1966, that court directed that appellant be released from custody within sixty (60) days unless during that time he was retried with the effective assistance of counsel.[1] Appellant was not retried within the sixty (60) day period, which resulted in his eventual release.

On May 14, 1981, eighteen years later, appellant moved to expunge this conviction from his criminal record. Hearings

1. In an opinion dated April 5, 1966, Judge Davis of the United States District Court for the Eastern District of Pennsylvania found that appellant's counsel was at the same time representing the owners of the Lou & U Restaurant, which appellant allegedly had burglarized, in an unrelated civil matter. Counsel did not inform the appellant of this potential conflict. Therefore, Judge Davis held that appellant was denied the right to effective assistance of counsel.

were held on October 1, 1981 and February 1, 1982. In an order dated February 23, 1982, the Honorable G. Thomas Gates denied appellant's motion to expunge. This appeal timely followed.

Appellant states the issue on appeal as follows:

Whether the Trial Court erred in denying Appellant's motion for Expungement, without requiring the Commonwealth to meet its burden of proof?

Brief for Appellant at 2.

In *Commonwealth v. Malone*, 244 Pa.Super. 62, 366 A.2d 584 (1976), this court held for the first time that upon petition and hearing an accused's record can be expunged if the evidence at the hearing justifies the expungement. In that case, the accused was discharged at his preliminary hearing because the Commonwealth failed to make out a prima facie case. The court held that the Commonwealth bore the burden to prove that the retention of the accused's arrest record was justified.

Since *Malone*, a number of cases have discussed the expungement of an accused's record.

[I]n *Wert v. Jennings*, [249 Pa.Super. 467, 378 A.2d 390 (1977)], we held that due process required the Commonwealth to present compelling evidence justifying the retention of the arrest record of an osteopathic surgeon who had been indicted by a grand jury for perjury and conspiracy but who was never tried because the indictments were subsequently *nol pros'd* upon the district attorney's confession that he would be unable to establish a *prima facie* case at trial. Again, in *Commonwealth v. Iacino*, [270 Pa.Super. 350, 411 A.2d 754 (1979)], we affirmed an order directing the expungement of the arrest record of an accused who had been indicted for conspiracy and narcotics offenses but who was never tried because the district attorney *nol pros'd* the indictments. Finally, in *Commonwealth v. Rose*, [263 Pa.Super. 349, 397 A.2d 1243 (1979)], we ordered the expungement of the arrest record of an individual who had been

acquitted of retail theft because the Commonwealth failed to establish her guilt at trial before a district magistrate. *Commonwealth v. Briley,* 278 Pa.Super. 363, 368, 420 A.2d 582, 585 (1980). In each of these cases, the Commonwealth was unable to prove the accused's guilt beyond a reasonable doubt.

*Commonwealth v. Armstrong,* 495 Pa. 506, 434 A.2d 1205 (1981), *Commonwealth v. Welford,* 279 Pa.Super. 300, 420 A.2d 1344 (1980), and *Commonwealth v. Briley, supra,* all held that a person who successfully completes an Accelerated Rehabilitative Disposition ("ARD") is entitled to have his arrest record expunged. In *Commonwealth v. Wexler,* 494 Pa. 325, 431 A.2d 877 (1981), the Pennsylvania Supreme Court held that a juvenile who entered into a consent decree pursuant to the Juvenile Act was entitled to have her arrest record expunged after the decree expired. In all of these cases, the courts noted that special programs with specific rehabilitative goals were involved. The legislative policies underlying these programs require that an individual's record be expunged after successful completion of these programs.

In contrast to the above cases, which place a heavy burden on the Commonwealth to justify the retention of the accused's arrest record, is *Commonwealth v. Mueller,* 258 Pa.Super. 219, 392 A.2d 763 (1978). In that case, the Commonwealth had made out a prima facie case of guilt but prosecution was terminated for failure to comply with Pa.R. Crim.P. No. 1100. The court held that under those circumstances the accused does not have a constitutional right to expungement of this arrest record unless he affirmatively establishes his non-culpability. "[W]here the record shows that the Commonwealth made out a prima facie case of guilt on the part of an accused, he will then have the burden to affirmatively demonstrate non-culpability at a hearing, otherwise his petition to expunge will be denied." *Id.,* 258 Pa.Superior Ct. at 223, 392 A.2d at 765.

In *Commonwealth v. Wexler, supra,* however, the Pennsylvania Supreme Court placed a heavier burden on the

Commonwealth. The court decided that the Commonwealth must present more than a prima facie case; rather, the Commonwealth must be able to prove the accused's guilt beyond a reasonable doubt. "[I]f the Commonwealth does not bear its burden of proof beyond a reasonable doubt ..., or admits that it is unable to bear its burden of proof ..., the Commonwealth must bear the burden of justifying why the arrest record should not be expunged." *Commonwealth v. Wexler, supra* 494 Pa. at 331, 431 A.2d at 880 (emphasis omitted).

> We read the unequivocal language in *Wexler* to foreclose *explicitly* a hearing court from continuing to shift the burden of persuasion to the petitioner seeking expungement merely because the Commonwealth made out a *prima facie* case of guilt on the part of the petitioner. Thus, under *Wexler,* the burden to present compelling evidence against expungement is placed upon the Commonwealth if it has failed to establish the accused's guilt beyond a reasonable doubt (e.g., before the court of common pleas,) or the Commonwealth 'admits that it is *unable* to bear its burden of proof.'

*Commonwealth v. Chacker,* 320 Pa.Super. 402, 408–411, 467 A.2d 386, 389–90 (1983) (footnote omitted).

Pursuant to *Wexler, supra,* the Commonwealth must bear the burden to present compelling evidence against expungement unless it has established the accused's guilt beyond a reasonable doubt. In the instant case, the appellant confessed to committing the burglary. He pleaded guilty and was convicted. A federal district court judge directed that appellant be retried because appellant's counsel represented the victims of his crime in an unrelated civil matter. The district court did not find that the Commonwealth failed to carry its burden of proof. I would find that the Commonwealth had proved appellant's guilt beyond a reasonable doubt. Therefore, the Commonwealth did not bear the burden to present compelling evidence against expungement.

It is not clear now whether we are to shift the burden to appellant to prove his non-culpability before his record may be expunged (*Commonwealth v. Miller, supra*) or whether we are to balance appellant's right to be free from the harm attendant to preserving the arrest record against the Commonwealth's interest in maintaining the record. In the instant case, it is immaterial which alternative we choose because both choices lead to the same result.

If appellant was required to prove his non-culpability before his record could be expunged, it is clear that he did not meet that burden. In fact, appellant presented no evidence at either hearing that tended to prove his innocence.

If the test to be applied is a balancing of the appellant's interests in expunging the record against the Commonwealth's interests in maintaining the record, I would hold that the Commonwealth's interests outweigh the appellant's. As Judge Gates noted in his Opinion:

> Here the Commonwealth had a strong case against defendant Miller, including a signed confession. Miller has a long record of criminal misconduct [2] and no employment record to speak of. He has demonstrated no specific adverse consequences which may result from maintenance of the arrest record. We, therefore, find that the Commonwealth's interest in maintaining the arrest record for purposes of sentencing outweighs defendant's interest in having the record expunged.

Lower ct. op. at 2.

The lower court properly refused to expunge appellant's record.

**2.** We note that in each of the cases cited in this opinion, the arrest that the petitioner requested to be expunged was the only stain on his or her record. Expunging the arrest in each of those cases left the petitioners with spotless records. In this case, appellant's criminal record dates back to 1950 and is three (3) pages long. We do not believe that expunging this offense, even if such expungement were justified, would serve any purpose.