(No. 48152.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. JAMES STEPHEN KESTER, Appellee.

*Opinion filed March 23, 1977.*

William J. Scott, Attorney General, of Springfield, and Michael M. Mihm, State's Attorney, of Peoria, (James B. Zagel, Jayne A. Carr, Anne Taylor, Assistant Attorneys General, of Chicago, and James E. Hinterlong, of the Illinois State's Attorneys Association Appellate Assistance Service, of Ottawa, of counsel), for the People.

Robert Agostinelli, Deputy Defender, Office of State Appellate Defender, of Ottawa, for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

The defendant, James Stephen Kester, entered negotiated pleas of guilty in Peoria County circuit court to indictments charging him with burglary and unlawful delivery of cannabis. The trial court entered judgment on the pleas, sentenced him to concurrent penitentiary terms of 2 to 10 years and 1 to 3 years, respectively, and imposed a $250 fine. On appeal by defendant from the burglary conviction, a divided appellate court reversed and remanded on the grounds that the defendant had been prejudiced by a conflict of interest resulting from the fact that the court-appointed assistant public defender who represented him at the time the pleas of guilty were accepted had appeared earlier in the same criminal proceeding on behalf of the People as an assistant State's Attorney. (*People v. Kester* (1975), 33 Ill. App. 3d 262.) We granted the People's petition for leave to appeal.

On January 10, 1973, the Peoria County grand jury returned an indictment charging the defendant with

burglary. An assistant State's Attorney subsequently made three court appearances on behalf of the People on the burglary charge. On January 16, 1973, he filed a motion for discovery and also moved for the issuance of a bench warrant and for an order forfeiting defendant's bond as a consequence of defendant's failure to appear for arraignment on that date. The motions were granted. He next appeared on January 26, when he renewed his motion for the issuance of a bench warrant and entry of an order forfeiting bond when defendant again failed to appear for arraignment. The motions were again granted, and defendant was subsequently arrested. On April 17, 1973, the assistant State's Attorney was present in court on behalf of the People when the defendant was furnished with a copy of the indictment. An order was entered on that date appointing the public defender of Peoria County to represent the defendant and setting a date for the filing of any motions preliminary to a plea. Defendant subsequently entered a not guilty plea, and shortly thereafter, the assistant left the State's Attorney's office to accept a position as an assistant public defender, where he was given the duty of representing defendant in the pending burglary case.

On June 15 the defendant appeared in court for arraignment on two unrelated indictments charging him with unlawful delivery of cannabis. During the arraignment proceedings, the defendant stated that he desired counsel other than the public defender. When the defendant admitted he had no specific basis for such a request, the court proceeded to appoint the public defender. The defendant then indicated to the court that he wanted to file motions in the pending burglary case. The following colloquy between him and the trial judge occurred:

> "THE COURT: Do you have them with you?
> THE DEFENDANT: Yes.
> THE COURT: The Clerk can verify them. What case is that?
> * * *

THE COURT: You are scheduled for trial on June 25th on that?

THE DEFENDANT: Yes.

THE COURT: Which assistant is handling that case?

THE DEFENDANT: Public Defender Riddle.

THE COURT: Has Mr. Riddle had any contact or been in your cases previously?

THE DEFENDANT: No, he hasn't.

THE COURT: You know some months past he was in the state's attorney's office and if he had any contact with those cases I am sure he would voluntarily withdraw from them. Is that the problem you were referring to?

THE DEFENDANT: The actual problem stems from the fact that I have been incarcerated two and a half months and tried to obtain meetings with my attorney because there are several motions I feel should be filed before trial and I have tried several times and I feel the public defender's office is prejudice[d] in this particular case because I had acquired Mr. Penn [the Peoria County Public Defender] as a private attorney and although not premeditated, I failed to comply with the agreement we made so possibly that has something to do with it.

THE COURT: That may be why Mr. Penn assigned it to another man in his office, but I can't imagine they are delaying in handling this because of that; however, if you would provide evidence of that for the court, I would consider it.

THE DEFENDANT: Whatever the reason I feel that due process has been withheld and trial is only two weeks away. I would like to present a motion for a list of witnesses and production of conversations [confession].

THE COURT: You have the wrong number on these and I will change it to the case number on which you are scheduled for trial, the burglary charge, is that the case?

THE DEFENDANT: Yes sir.

Assistant Public Defender Riddle appeared on behalf of the defendant on August 13 and moved that the three pending criminal charges be consolidated for purposes of entering negotiated guilty pleas. Pursuant to the plea agreement the defendant withdrew his not guilty pleas and entered pleas of guilty to the indictments charging him with burglary and unlawful delivery of cannabis in a quantity of between 10 and 30 grams. The other drug

charge was dismissed. During the course of the proceedings, the defendant responded affirmatively to questions by the court as to whether he was satisfied with the plea agreement and with the representation provided by the public defender's office. At the conclusion of a subsequent sentencing hearing at which defendant was again represented by Assistant Public Defender Riddle, the trial court imposed the sentences earlier noted.

The parties concur that a defendant's fundamental right to effective assistance of counsel requires that his attorney not represent conflicting interests or undertake the discharge of inconsistent duties. (*Glasser v. United States* (1941), 315 U.S. 60, 86 L. Ed. 680, 62 S. Ct. 457; *People v. Meyers* (1970), 46 Ill. 2d 149; *People v. Gerold* (1914), 265 Ill. 448.) They disagree, however, as to whether such a conflict was present in the case at bar, whether it was necessary to establish that actual prejudice resulted from the conflict if it did exist, and whether the defendant waived that issue as a consequence of his failure to object to representation by Assistant Public Defender Riddle and his subsequent plea of guilty.

Similar issues were considered by this court in *People v. Stoval* (1968), 40 Ill. 2d 109. In that case, a jury found the defendant guilty of burglary and theft. Defendant's court-appointed counsel was a member of a law firm which represented both the jewelry store which had been burglarized and its owner. The attorney himself had also personally represented the store and the owner on previous occasions. We there stated:

"There is no showing that the attorney did not conduct the defense of the accused with diligence and resoluteness, but we believe that sound policy disfavors the representation of an accused, especially when counsel is appointed, by an attorney with possible conflict of interests. It is unfair to the accused, for who can determine whether his representation was affected, at least, subliminally, by the conflict. Too, it places an

additional burden on counsel, however conscientious, and exposes him unnecessarily to later charges that his representation was not completely faithful. In a case involving such a conflict, there is no necessity for the defendant to show actual prejudice. *Glasser v. United States*, 315 U.S. 60; *Goodson v. Peyton* (4th cir.), 351 F.2d 905." 40 Ill. 2d 109, 113.

In our opinion, the rationale of the *Stoval* decision is controlling here. It is true, as the People point out, that in *Stoval* the court-appointed lawyer was presently serving two clients with different interests in the outcome of the burglary trial, whereas in the case at bar, defense counsel had resigned as an assistant State's Attorney and presumably had no continuing commitments to that office at the time he represented the defendant. There was thus no concurrent representation of two clients with conflicting interests as there was in *Stoval*. However, we believe that a potential conflict of interest nevertheless exists in a situation such as this when a prosecutor who personally has been involved in the prosecution of a defendant in a particular criminal proceeding later assumes the duties of court-appointed defense counsel for that defendant in the same proceeding. It is possible that defense counsel's former association with the prosecution could inure to the benefit of the accused. (*Cf. People v. Newberry* (1973), 55 Ill. 2d 74.) But there is also the possibility that the attorney might be subject to subtle influences which could be viewed as adversely affecting his ability to defend his client in an independent and vigorous manner. It might be contended, for example, that the advice and performance of court-appointed counsel in such a situation was affected by a subliminal reluctance to attack pleadings or other actions and decisions by the prosecution which he may have been personally involved with or responsible for. A defendant who has entered a plea of guilty might later suspect that his attorney's advice thereon had been influenced to some degree by a subconscious desire to

avoid an adversary confrontation with the prosecution as a consequence of his previous participation in the case as the prosecuting attorney. As we noted in *Stoval*, it would be extremely difficult for an accused to show the extent to which this may have occurred. At the same time, a lawyer who may have provided an able and vigorous defense with complete loyalty to the defendant is placed in the difficult and unfortunate position of being subject to unfounded charges of unfaithful representation. The untenable situation which results for both the accused and his court-appointed attorney in such instances is one which can and should be avoided in the interests of the sound administration of criminal justice.

The People argue that it is significant that Assistant State's Attorney Riddle appeared on behalf of the prosecution only in routine, preliminary matters. They contend that these were minimum contacts of a "highly formalistic" nature such that no conflict of interest should be found to exist here. But where counsel has repeatedly appeared on behalf of the State in the particular case in which he is now representing defendant, we are not persuaded that inquiry into the precise nature and extent of his personal involvement is either necessary or desirable. While there has been no showing that, as assistant public defender, counsel did not represent the defendant in a competent and dedicated manner with complete loyalty to him, we conclude that a potential conflict was present, and, in accordance with *Stoval*, we hold that it was unnecessary for the defendant to show that actual prejudice resulted therefrom.

The record does not, in our judgment, establish that defendant knowingly waived his right to representation by court-appointed counsel who was free from any conflict of interest. It does not appear that the defendant was in any manner admonished as to the significance of the potential conflict or that he was actually aware that his counsel had previously appeared on behalf of the prosecution in his

burglary case. Although the assistant State's Attorney apparently was present in court on April 17 when the defendant was furnished with a copy of the burglary indictment, the record suggests that the defendant may not have been aware of this fact. In response to the court's question as to whether his counsel had had any contact with his cases previously, the defendant responded: "No, he hasn't." The court then went on to indicate that his counsel had previously been in the State's Attorney's office, but insofar as the record indicates, there was never any disclosure of the previous connection with the defendant's particular case as an assistant State's Attorney. The fact that the defendant never objected to representation by the assistant public defender on the grounds of his previous connection with the State's Attorney's office and the fact that he stated to the court that he was satisfied with the plea agreement and the representation provided by the public defender's office do not, in our opinion, under these facts constitute a knowing waiver. Nor do we concur with the People's contention that by pleading guilty the defendant waived his right to assert the conflict-of-interest issue on appeal, for that plea of guilty was entered with the advice and counsel of an assistant public defender with a possible conflict of interest. Under these circumstances, there was no waiver resulting from the guilty plea.

The judgment of the appellate court reversing the circuit court and remanding the cause to the trial court is affirmed.

*Judgment affirmed.*