THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
WILLIAM WYATT, Defendant-Appellant.

Third District    No. 74-228

Opinion filed April 22, 1977.

Robert Agostinelli and Mark Burkhalter, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong and Michael B. Weinstein, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant William Wyatt was indicted, tried, and convicted of burglary in the Circuit Court of Peoria County and was sentenced to a term from one year, eights months to five years in the penitentiary. Defendant contends on appeal that he was denied effective assistance of counsel due to a conflict of interest.

At defendant's arraignment on January 12, 1973, the State was represented by Assistant State's Attorney John Riddle. Thereafter Riddle left the State's Attorney's office to become an assistant public defender, and in September, 1973, Riddle was assigned defendant's case. Riddle moved to withdraw as appointed counsel because defendant was being uncooperative. After this motion was denied, the case proceeded to trial before a jury, and a verdict of guilty was returned. Riddle represented defendant throughout the trial and at the sentencing hearing. This appeal follows.

The Illinois Supreme Court, in *People v. Kester* (1977), 66 Ill. 2d 162,

167, a nearly identical case involving Assistant Public Defender Riddle, reversed the conviction and stated:

"[W]e believe that a potential conflict of interest * * * exists in a situation such as this when a prosecutor who personally has been involved in the prosecution of a defendant in a particular criminal proceeding later assumes the duties of a court-appointed defense counsel for that defendant in the same proceeding." 66 Ill. 2d 162, 167.

The court further held:

"While there has been no showing that, as assistant public defender, counsel did not represent the defendant in a competent and dedicated manner with complete loyalty to him, we conclude that a potential conflict was present, and * * * we hold that it was unnecessary for the defendant to show that actual prejudice resulted therefrom." 66 Ill. 2d 162, 168.

We believe *Kester* is controlling here. Although Riddle only appeared once on behalf of the State in this cause, while he appeared three times in the *Kester* case, we can see no useful purpose in attempting to distinguish the cases on that basis. Presumably the same "sublimal reluctance" to attack prosecutorial actions might affect defense counsel whether he had appeared one, two or three times as prosecutor in a case.

Accordingly, we reverse the judgment of conviction and remand this cause to the Circuit Court of Peoria County for a new trial.

Reversed and remanded.

ALLOY, P. J., and BARRY, J., concur.