THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM FRANKLIN, Defendant-Appellant.

Third District   No. 77-212

Opinion filed June 7, 1978.—Rehearing denied July 11, 1978.

Robert Agostinelli and Gary R. Garretson, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (James E. Hinterlong, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a judgment of conviction for theft by deception entered by the circuit court of Peoria County after a jury trial.

On May 26, 1976, William Franklin was indicted for theft by deception. On May 29, 1976, he appeared in court and was furnished with a copy of the indictment. The court appointed Thomas Penn of the Peoria County public defender's office as counsel for Franklin. Penn was replaced by John Riddle of the public defender's staff. Riddle was replaced by Donald Courson, also of the public defender's staff.

Trial was held on February 8, 1977. The State introduced evidence to establish that on February 23, 1976, Donald McGlasson of Peoria mailed his savings passbook for his account at First Federal Savings and Loan Association of Peoria (hereinafter known as First Federal) and a check for $100 to First Federal in order to make a deposit to his account. The passbook was not returned to McGlasson.

In the early afternoon of February 25, 1976, a man had entered First Federal and presented McGlasson's passbook and asked to withdraw $950 from the account. The teller had the man sign a withdrawal slip which she then took to check the signature on the signature card kept by First Federal. When the signatures did not match she returned to the man who showed her his bandaged hand and said that he had burned himself and because of the burn his signature would not match. This man was not McGlasson and did not have McGlasson's permission to withdraw money.

Teri Nelson was also a teller at First Federal. She testified that on February 27 a man approached her window and presented McGlasson's passbook. The man wished to withdraw $1,000 from the account. She gave the man a withdrawal slip to fill out and after the slip was signed, she went to check the signature on the slip with the signature on the signature card. Before Nelson went to check the signature the man informed her that he had hurt his hand and therefore the signatures might not match. When the signatures did not match, Nelson told the man she would have to contact her supervisor. The man left, leaving the passbook behind.

On April 5, Rhonda Walker and Teri Nelson viewed a lineup at the Peoria Police Department. They identified Franklin as the man who presented the passbook and withdrawal slips to them. Both women also testified at the trial. Franklin attempted to show that neither could identify him as the man they saw if he were in a group of men with appearances similar to his.

The State rested and Franklin moved for a directed verdict, which motion was denied. Franklin then rested without presenting evidence.

After a conference on instructions and closing arguments, the jury retired to deliberate on a verdict. Franklin was found guilty.

On April 30, 1977, a hearing was held on Franklin's motion for a new trial. At that time counsel for Franklin asked for leave to file a supplement to his motion for a new trial. The supplement indicated that in 1972 Franklin was convicted of burglary and that Donald Courson, counsel for

Franklin in the case at bar, prosecuted that 1972 case. The supplement also indicated that Courson had been an Assistant State's Attorney for Peoria until January 1, 1977, and was in the prosecutor's office at the time Franklin was initially charged in the case at bar. Courson did not, to the best of his knowledge, do any work on this case while he was employed as an Assistant State's Attorney. The motion for new trial was denied.

After a presentence report and sentencing hearing, Franklin was sentenced.

Franklin argued two issues on appeal: (1) whether defendant was denied his right to effective assistance of counsel where there existed a per se conflict of interest in that counsel for defendant had been as Assistant State's Attorney at the time defendant was arrested and arraigned, and (2) whether the State failed to prove defendant's guilt beyond a reasonable doubt where there was no circumstantial evidence of identification or where eyewitness identification is insufficiently positive to identify defendant as the person who committed the crime charged.

The Constitution of the State of Illinois guarantees that "[i]n criminal prosecutions, the accused shall have the right to appear and defend in person and by counsel; * * *." (Ill. Const. 1970, art. 1, par. 8.) Every person charged with a criminal offense in the State of Illinois is entitled to effective counsel (*People v. Williams* (1968), 95 Ill. App. 2d 421, 237 N.E.2d 740) who gives undivided loyalty to the accused (*People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441). Counsel whose loyalty to the accused is burdened by his commitment to another is not effective. *People v. Brown* (1976), 40 Ill. App. 3d 562, 352 N.E.2d 15.

■■ Whenever it is shown that defense counsel was or is committed to another whose interest is antagonistic to that of the accused, a per se conflict of interest exists. (*People v. Drysdale* (1977), 51 Ill. App. 3d 667, 366 N.E.2d 394.) There need be no showing of actual prejudice. (*People v. Drysdale* (1977), 51 Ill. App. 3d 667, 366 N.E.2d 394; *People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441.) The existence of a potential conflict is sufficient to constitute a violation of the rights of the accused whether or not the commitment to another influences the attorney or the outcome of the cause. *People v. Meyers* (1970), 46 Ill. 2d 149, 263 N.E.2d 81; *People v. Stoval* (1968), 40 Ill. 2d 109, 289 N.E.2d 441.

The rule requires reversal of any conviction obtained under such circumstances. The reasoning is that it is impossible to measure the subtle influences which affect the decisions of counsel when he is advising and representing the accused. *People v. Kester* (1977), 66 Ill. 2d 162, 361 N.E.2d 569; *People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441.

The rule has been applied in situations where there has been a commitment to other defendants (*People v. Drysdale* (1977), 51 Ill. App. 3d 667, 366 N.E.2d 394), other members of the accused's family (*People v.

*Meyers* (1970), 46 Ill. 2d 149, 263 N.E.2d 81), the victim (*People v. Richardson* (1972), 7 Ill. App. 3d 367, 287 N.E.2d 517), and the prosecution (*People v. Kester* (1977), 66 Ill. 2d 162, 361 N.E.2d 569).

We have previously examined the question of whether a conflict of interest requiring reversal arises when an attorney appears for the prosecution and later for the defense in the same proceeding. We did find that a per se conflict of interest exists in such an instance. *People v. Kester* (1977), 66 Ill. 2d 162, 361 N.E.2d 569; *People v. Kester* (1975), 33 Ill. App. 3d 262, 337 N.E.2d 44.

We believe that every attorney-client relation must be based on trust and confidence. When an outside factor interferes with that trust and confidence, the attorney-client relation is diminished. When that happens counsel is no longer effective.

■■ In the case at bar, attorney Courson prosecuted Franklin for burglary in 1972 and won a conviction. We assume that Courson believed that Franklin was guilty at that time. In 1977 Courson defended Franklin against a charge of theft by deception. Franklin was convicted. We are unable to determine whether or to what extent Courson's previous experience may have affected the manner in which he conducted Franklin's defense. We do think, however, that a potential interference with the loyalty of defense counsel to his client exists when counsel has previously prosecuted the client.

We hold, therefore, that when counsel has previously prosecuted the accused, a potential conflict of interest arises when counsel later attempts to defend the accused and that such potential conflict requires reversal unless the accused has been apprised of the potential conflict and has knowingly waived his right to other counsel and has decided to proceed with the original counsel. In the case at bar we find no such waiver.

In view of our decision on this issue we need not consider the issue of in-court identification.

For the reasons stated above the judgment of the circuit court of Peoria County is reversed and the cause is remanded for new trial.

Reversed and remanded.

BARRY, P. J., and STENGEL, J., concur.