(No. 51055.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. WILLIAM FRANKLIN, Appellee.

*Opinion filed March 20, 1979.*

174

William J. Scott, Attorney General, of Springfield, and Michael M. Mihm, State's Attorney, of Peoria (Donald B. Mackay, Melbourne A. Noel, Jr., and William M. Wippold, Assistant Attorneys General, of Chicago, and James E. Hinterlong, of the State's Attorneys Appellate Service Commission, of Ottawa, of counsel), for the People.

Robert Agostinelli and Gary R. Garretson, of the

Office of the State Appellate Defender, of Ottawa, for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

The defendant, William Franklin, was found guilty of theft by deception in a Peoria County jury trial and sentenced to a term of 1½ to 4½ years' imprisonment. The appellate court reversed the judgment and remanded the cause for a new trial on the grounds that defendant was denied his right to effective assistance of counsel because the court-appointed assistant public defender who represented him at trial had, as an assistant State's Attorney, successfully prosecuted the defendant on an unrelated matter 4½ years earlier. (60 Ill. App. 3d 905.) We granted the State's petition for leave to appeal.

During a March 31, 1977, sentencing hearing, Assistant Public Defender Donald Courson, who was the third public defender staff member to represent defendant, but had represented him throughout his earlier trial, realized for the first time that as an assistant State's Attorney he had secured a burglary conviction against the defendant in September of 1972. It had been defendant's earlier position that the William Franklin convicted in 1972 was not he, and it apparently was not until his belated acknowledgement of the falsity of his contention that his attorney realized his earlier prosecutorial role. On the basis of this newly discovered fact, defense counsel supplemented defendant's motion for a new trial by alleging a conflict of interest. Specifically, he argued that the combination of two facts resulted in a conflict of interest: (1) that Assistant Public Defender Courson, who represented defendant at his 1977 trial, was the assistant State's Attorney who prosecuted and obtained a conviction against defendant in 1972, and (2) that Assistant Public Defender Courson was a Peoria County assistant State's Attorney from the time defendant was indicted on May

26, 1976, until January 1, 1977. The trial court thereupon conducted a brief hearing on the matter during which defense counsel indicated that he did not recall his prior prosecution of defendant until the sentencing stage of this case and had not done any work on the present case while employed in the State's Attorney's office. Failing to find even the appearance of impropriety under these facts, the trial court denied the motion for a new trial.

This court has repeatedly stated that a defendant's fundamental right to effective assistance of counsel entitles the person represented to the undivided loyalty of counsel and prohibits a defense attorney from representing conflicting interests or undertaking the discharge of inconsistent obligations. (*People v. Coslet* (1977), 67 Ill. 2d 127, 134; *People v. Kester* (1977), 66 Ill. 2d 162, 166; *People v. Stoval* (1968), 40 Ill. 2d 109, 111-12.) In furtherance of this fundamental right, this court has adopted a *per se* rule which provides essentially that where defense counsel is involved in an actual or potential conflict of interest, it is unnecessary for the defendant to establish actual prejudice, as prejudice is presumed by law. *People v. Vriner* (1978), 74 Ill. 2d 329, 340; *People v. Precup* (1978), 73 Ill. 2d 7, 10; *People v. Coslet* (1977), 67 Ill. 2d 127, 133; *People v. Kester* (1977), 66 Ill. 2d 162, 168; *People v. Stoval* (1968), 40 Ill. 2d 109, 113.

The question, of course, is whether an actual or potential conflict existed, an issue this court has considered with some frequency. In *People v. Stoval* (1968), 40 Ill. 2d 109, the defendant's conviction for burglary and theft was reversed where defendant's court-appointed attorney was a member of a law firm which represented both the jewelry store which defendant was accused of burglarizing and its owner. Additionally, defense counsel had personally represented the store and its owner in previous legal matters. This court held that sound public policy disfavored representation of an accused by an

attorney with such possibly conflicting interests "for who can determine whether his representation was affected, at least, subliminally, by the conflict." (40 Ill. 2d 109, 113.) The showing of actual prejudice in that context was held unnecessary.

Subsequently, in *People v. Kester* (1977), 66 Ill. 2d 162, this court held that where the court-appointed assistant public defender who represented the defendant at the time his guilty pleas were accepted had earlier appeared on three occasions in the same criminal proceeding on behalf of the People as an assistant State's Attorney, there existed a potential conflict of interest necessitating reversal of defendant's conviction.

In *People v. Coslet* (1977), 67 Ill. 2d 127, the defendant widow was convicted of voluntary manslaughter in connection with the death of her husband. She was represented at trial by court-appointed counsel who was also acting as attorney for the administrator of decedent's estate. As attorney for the administrator counsel had a duty to maximize the assets of the estate which would be distributed to decedent's heirs. Also, his fee, as attorney for the administrator, would be affected by the value of the estate. Defendant's conviction of manslaughter might have resulted in decedent's real estate interests becoming part of that estate rather than passing to defendant as the surviving joint tenant. The conflict presented by the possibility that defendant's conviction might enrich her deceased husband's estate, the administrator of which her attorney represented, was enough to warrant a new trial under the *Stoval per se* rule.

The defendant here relies heavily on *Kester* for support of his contention that "defense counsel was laboring under a *per se* conflict of interest arising from counsel's former prosecution of defendant for burglary." Likewise, the appellate court cited *Kester* in reversing defendant's theft conviction. We do not agree, however,

that *Kester* requires reversal, for there is between the facts in this case and those in *Kester* a crucial difference. There, the court-appointed defense attorney had served previously as an assistant State's Attorney in the same criminal proceeding. In that capacity, defendant's court-appointed assistant public defender had thrice appeared in court on behalf of the People in the same case in which he later represented the defendant. That this distinguishing feature formed the underlying basis for the decision in *Kester* is evident from excerpts from that opinion:

"However, we believe that a potential conflict of interest nevertheless exists in a situation such as this when a prosecutor who personally has been involved in the prosecution of a defendant in a particular criminal proceeding later assumes the duties of court-appointed defense counsel for that defendant *in the same proceeding.* \*\*\* It might be contended, for example, that the advice and performance of court-appointed counsel in such a situation was affected by a subliminal reluctance to attack pleadings or other actions and decisions by the prosecution *which he may have been personally involved with or responsible for.* A defendant who has entered a plea of guilty might later suspect that his attorney's advice thereon had been influenced to some degree by a subconscious desire to avoid an adversary confrontation with the prosecution as a consequence of *his previous participation in the case as the prosecuting attorney.*" (Emphasis added.) 66 Ill. 2d 162, 167-68.

In the case before us, defense counsel, while he was employed by the State's Attorney's office, was not involved in defendant's case. Although he had, 4½ years earlier, prosecuted and convicted defendant on a prior burglary charge, he had no recollection thereof during the

trial. Obviously, the "subliminal effects" referred to in *Stoval* (40 Ill. 2d 109, 113) and "subtle influences" suggested in *Kester* (66 Ill. 2d 162, 163) need not concern us here for those factors require an awareness, not present here, of the facts creating them. In our judgment it is entirely clear that no conflict of interest arose under the facts of this case, and we need not speculate as to the result had counsel recalled the former prosecution. Accordingly, we decline to extend *Kester* to the facts of this case.

Finally, citing *Holloway v. Arkansas* (1978), 435 U.S. 475, 55 L. Ed. 2d 426, 98 S. Ct. 1173, defendant contends that once counsel raised the possibility that a conflict of interest existed, the trial court had a duty to either make an inquiry regarding the substance of defense counsel's representations or accept counsel's word that a conflict of interest existed. In *Holloway*, the United States Supreme Court held that where counsel appointed to represent several codefendants in a joint trial makes a timely pretrial motion for appointment of separate counsel due to the risk of a conflict of interest, the failure of the trial court to either appoint separate counsel or to take adequate steps to ascertain whether the risk is too remote to warrant separate counsel denies defendants their constitutional right to assistance of counsel and requires reversal.

*Holloway*, however, is inapposite here. It dealt with a pretrial request for separate counsel due to a possible conflict of interest, while defense counsel here made a supplemental post-trial motion for a new trial based on an alleged conflict of interest. Furthermore, this case does not involve the *Holloway* issue of joint representation of codefendants. Finally, defendant overlooks the fact that the trial judge in this case did make inquiry of counsel regarding the foundation for his allegations that a conflict of interest existed, and determined that counsel neither recalled the former prosecution until the trial had ended

nor had his previous work in the State's Attorney's office included defendant's case.

There is, in our judgment, an additional ground for reversal not discussed by the parties but which we believe deserves mention. The logical inferences from this record are that had defendant not denied that it was he who was the subject of the 1972 prosecution and conviction, defense counsel would have realized prior to trial, as he did after the trial, that he had prosecuted the 1972 case against defendant. The question of a conflict, if one was thought to exist, could then have been explored in timely fashion. To now reward defendant's deceit with a new trial would make a mockery of the truth-seeking process upon which our system of justice is founded.

The judgment of the appellate court reversing the circuit court and remanding the cause to the trial court is reversed, and the cause remanded to the appellate court for consideration of the additional issue there presented but not resolved.

*Reversed and remanded.*