THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT HOSKINS, Defendant-Appellant.

Third District   78-493

Opinion filed July 13, 1979.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal by the defendant Hoskins from two forgery convictions following his pleas of guilty in the Circuit Court of Peoria County. The defendant was sentenced to concurrent terms of not less than two nor more than six years of imprisonment.

A brief but we believe adequate résumé of the events which resulted in this appeal is as follows. In 1975 the defendant was convicted for the offense of burglary and sentenced to a term of probation. In this burglary prosecution an assistant state's attorney, Arthur Inman, appeared for the State in a pretrial discovery motion and at the time of arraignment. In

1976 the defendant was charged with and pled guilty to the two charges of forgery from which this appeal ultimately ensued. After his conviction on the forgery charges the Peoria County state's attorney's office filed a petition to revoke the sentence of probation which he had received from the 1975 burglary conviction. The basis for the petition to revoke probation was the defendant's conviction on the forgery charges. The defendant appealed from the forgery convictions (Case No. 77-345) and the probation revocation (Case No. 77-199). In the appeal from the forgery convictions, this court granted the defendant's motion to remand the case to the circuit court for the purpose of holding a hearing pursuant to Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d)). It was the defendant's contention that his trial court counsel had rendered ineffective representation by not filing the required Supreme Court Rule 604(d) motions before attempting to perfect an appeal. Upon the remand to the trial court attorney Arthur Inman, now a private practitioner, was appointed to represent the defendant in the Supreme Court Rule 604(d) hearing. The hearing was had and the defendant's motion to withdraw his pleas of guilty in the forgery cases was denied. This appeal then ensued. The appeal in Case No. 77-199, being the burglary probation revocation case, is also pending in this court.

It is the contention of the defendant that he is entitled to a new hearing on his motion to withdraw his guilty pleas to the forgery charges because the attorney who was appointed to represent him in his prior effort to withdraw the pleas had previously acted as a prosecutor in the case where his probation sentence for the offense of burglary was revoked and the basis for the revocation was the forgery convictions.

■■■ In determining the contention raised by the defendant, we direct our attention to some of the more recent pronouncements of our supreme court relating to conflicts of interests on the part of defense counsel. Our supreme court has repeatedly stated that a defendant's fundamental right to effective assistance of counsel entitles the person represented to the undivided loyalty of counsel and prohibits a defense attorney from representing conflicting interest or undertaking the discharge of inconsistent obligations. (*People v. Coslet* (1977), 67 Ill. 2d 127, 364 N.E.2d 67; *People v. Kester* (1977), 66 Ill. 2d 162, 361 N.E.2d 569.) In *Kester* a *per se* rule was adopted which essentially provided that where defense counsel is involved in an actual or potential conflict of interest, it is unnecessary to establish actual prejudice since such prejudice is presumed by law.

In *Kester* a factual situation existed where the court-appointed assistant public defender who represented the defendant at the time his guilty pleas were accepted had earlier appeared on three occasions in the same criminal proceedings on behalf of the People as an assistant state's

attorney. In the light of such a factual situation our supreme court held that there existed a potential conflict of interest which necessitated a reversal of the defendant's conviction.

This court reversed the conviction of a defendant for the offense of theft by deception on the grounds that the defendant was denied effective assistance of counsel because the court-appointed assistant public defender who represented him at trial, had, as an assistant state's attorney, successfully prosecuted the defendant on an unrelated matter 4½ years earlier. (*People v. Franklin* (1978), 60 Ill. App. 3d 905, 377 N.E.2d 556.) In reviewing the conviction in *Franklin* this court relied upon the case of *People v. Kester* (1977), 66 Ill. 2d 162, 361 N.E.2d 569.

Our supreme court reversed the decision of this court in *Franklin* (*People v. Franklin* (1979), 75 Ill. 2d 173), stating that the crucial difference between the cases of *Kester* and *Franklin* is that in the former the defendant's court-appointed counsel had thrice appeared in court on behalf of the People in the *same case* in which he later represented the defendant. The supreme court's rationale in *Kester* is that in such a situation it might be contended that the advice and performance of court-appointed counsel was affected by a subliminal reluctance to attack pleadings or other actions and decisions by the prosecution *which he may have been personally involved with or responsible for.*

In *Franklin*, while the court-appointed assistant public defender had previously prosecuted the defendant on behalf of the People, such prosecution was in a different and unrelated proceedings. Since in *Franklin* counsel's actions were in different proceedings the *per se* conflict of interest rule elaborated in *Kester* was not applicable.

In the instant case we have a situation that falls within the gray area or middle ground between the pronouncements set forth in *Kester* and *Franklin.* It is the actions of attorney Inman which must be examined. To a limited degree he participated as an assistant state's attorney in the prosecution of the defendant on a burglary charge. Attorney Inman in this prosecution was involved in a pretrial discovery motion and the arraignment of the defendant. Later in different cases, to-wit, the forgery cases from which this appeal stems, attorney Inman represented the defendant when this court remanded the cases to the trial court so as to permit the defendant to make a motion for the withdrawal of his guilty pleas pursuant to Illinois Supreme Court Rule 604(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 604(d).

The involvement of attorney Inman was clearly in different proceedings, but nonetheless the proceedings were related. The relationship arises because the conviction on the forgery offenses resulted in the revocation of the defendant's sentence of probation which he received when convicted on the burglary charge.

The State would argue that the burglary and forgery cases are unrelated, but with this conclusion we cannot agree, nor did the trial court. When the defendant's probation was revoked and he was sentenced to a third concurrent term of two to six years of imprisonment, the trial court made the following observation:

> "* * * If you have to appeal this case here, which you might as well do because if the other two are reversed then this one would be reversed, because that's what your probation is being revoked on. * * * If these other two convictions are reversed, then the order reversing or vacating your probation would be an error because it's based on those two convictions."

The defendant did appeal the revocation of his probation and that appeal is presently pending in this court. It is pending and being held in abeyance until the resolution of the instant appeal.

The State argues that the defendant admits that there is nothing in the record to indicate either he or attorney Inman was aware of the latter's involvement in the earlier burglary prosecution. We harbor serious doubts as to the significance of the "awareness" factor. Defense counsel in *Franklin* expressly indicated that he did not recall his past prosecution of the defendant until after trial. The same lack of awareness existed in *Kester* in that the defendant stated that he did not know of his attorney's prosecutorial involvement. Neither *Kester* nor *Franklin* was decided on the factor of awareness.

An analyzation of *Franklin* serves as a guide in determining the issue posed in this appeal. We interpret the supreme court's reasoning in *Franklin* to be that no conflict of interest arises where counsel for the defendant prosecuted and defended a defendant in different unrelated cases, or a further interpretation would be that in order to avoid a conflict of interest situation the cases must in all respects be isolated from each other. In the instant case it cannot be denied that from the vantage point of the defendant the burglary cases and the forgery cases are not isolated from each other. The determination by this court of the issue raised in this appeal will mandate the disposition of his appeal in the burglary case. Since such result is evident, it must be concluded that a conflict of interest situation exists as the result of attorney Inman's involvement as a prosecutor of the defendant and later his involvement as defense counsel for the defendant in different but related cases.

There is nothing in the record to indicate that attorney Inman's representation of the defendant was other than loyal and dedicated; however, as the result of an unusual set of circumstances a potential conflict of interest was *in esse*. This case should be and is remanded to the Circuit Court of Peoria County, and if the defendant desires representation, counsel should be appointed who is free from any taint of conflict

of interest for the purpose of permitting the defendant to file a motion to withdraw his pleas of guilty.

Remanded with directions.

STOUDER, P. J., and STENGEL, J., concur.