THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. AHMAD NURUDDIN, a/k/a David Bonner, Defendant-Appellant.

Second District   No. 85—0612

Opinion filed July 17, 1986.

G. Joseph Weller and Kim M. Dewitt, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Kenneth R. Boyle, of State's Attorneys Appellate Prosecutor, of Springfield, William L. Browers and David A. Bernhard, both of State's Attorneys Appellate Prosecutor, of Elgin, and Andrea Becker, of Broadview, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

The defendant, Ahmad Nuruddin, a/k/a David Bonner, entered a negotiated plea of guilty to the offense of residential burglary (Ill. Rev. Stat. 1983, ch. 38, par. 19—3) and possession of burglary tools (Ill. Rev. Stat. 1983, ch. 38, par. 19—2) and was placed on probation for a five-year term as an addict pursuant to section 10 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1983, ch. 91½, par. 120.10). His probation was revoked following a hearing on a petition alleging that he committed the offenses of possession of a hypodermic syringe (Ill. Rev. Stat. 1985, ch. 38, par. 22—50) and unlawful use of weapons by felons (Ill. Rev. Stat. 1985, ch. 38, par. 24—1.1(a)). Defendant was sentenced to a 10-year term of imprisonment.

The single issue raised on appeal is whether a conflict of interest arose during the probation revocation proceedings requiring reversal where one member of a law firm represented defendant and another member of the law firm informed the trial court that he had formerly prosecuted defendant when he was in the State's Attorney's office.

The facts relevant to the question presented are as follow. Attorney Robert P. Will, Jr., of the law firm of Will & Briscoe, Ltd., entered his written personnel appearance for defendant in the probation revocation proceedings and personally appeared with defendant at a status hearing on May 20, 1985. On that date, defendant waived his right to a hearing within 14 days of his arrest, and the matter was continued to June 12, 1985, for a hearing on the petition. On June 12, 1985, attorney Thomas Briscoe appeared in court, and the following colloquy took place:

"MR. STEWART [prosecutor]: People versus David Bonner, 83 CF 1639 and 85 CF 515. The defendant is present, with his attorney, Mr. Thomas Briscoe; People by Assistant State's Attorney Randall Stewart.

It comes before Your Honor today for a hearing on a petition to revoke.

MR. BRISCOE: That's correct, Judge.

Judge, the attorney of record on this case would have to be Mr. Will because I formerly prosecuted Mr. Nuruddin, also known as Mr. Bonner, when I was in the State's Attorney's office.

I believe on this particular case, at least in some stage, there is a petition to revoke, and then there's a new charge which is the substantive allegation on the petition to revoke.

Mr. Will's father is rather ill right now, Judge, and Mr. Will is at home waiting for a call from the doctor.

We would ask for a one week date.

MR. STEWART: I would indicate our witnesses were here, but Mr. Briscoe did indicate earlier that would be his motion and we sent the witnesses home. We'd have no objection to a continuance of one week.

THE COURT: So ordered. The 19th for hearing."

The hearing proceeded on June 19 with defendant represented by attorney Will. Following the presentation of evidence that on April 23, 1985, while on probation defendant was observed with a handgun in his lap by a Waukegan police officer and later found in possession of a hypodermic syringe, the trial court revoked defendant's probation. Defendant was further represented by attorney Will at the sentencing hearing.

Defendant contends on appeal that attorney Briscoe refused to represent him because "he felt there was a conflict of interest due to his former role as the defendant's prosecutor." Defendant further asserts that by granting the continuance the trial court "acknowledged"

the conflict and erred by failing to inquire further into the conflict and admonishing defendant of the conflict. Defendant maintains that where a conflict of interest arises as to one member of a private law firm, that conflict of interest is imputed to all members of the firm. The State responds that no conflict of interest is present where an attorney who has previously prosecuted a defendant represents him on a different, unrelated case.

■ In *People v. Free* (1986), 112 Ill. 2d 154, 492 N.E.2d 1269, our supreme court restated the relevant rules regarding attorney conflict of interest, as follow:

> "The constitutional guarantee of effective assistance of counsel implicitly includes an assurance that the defendant will enjoy the attorney's undivided loyalty, free from conflicting interests or inconsistent obligations. (*Glasser v. United States* (1942), 315 U.S. 60, 86 L. Ed. 2d 680, 62 S. Ct. 457; *People v. Washington* (1984), 101 Ill. 2d 104; *People v. Franklin* (1979), 75 Ill. 2d 173.) When a claim of ineffective representation based on a conflict of interest is made, the defendant need not demonstrate prejudice when an actual or potential conflict of professional interest is shown. Prejudice will be presumed. (*People v. Franklin* (1979), 75 Ill. 2d 173, 176; *People v. Coslet* (1977), 67 Ill. 2d 127, 133; *People v. Stoval* (1968), 40 Ill. 2d 109, 113.) This court has held that when an attorney is disqualified due to a conflict of interest another attorney from the same law firm may not assume the representation (*People v. Fife* (1978), 76 Ill. 2d 418), but the disqualification of one public defender will not necessarily disqualify all members of that office (*People v. Miller* (1980), 79 Ill. 2d 454; *People v. Robinson* (1979), 79 Ill. 2d 147)." (112 Ill. 2d 154, 167, 492 N.E.2d 1269.)

The court has adopted a *per se* rule which provides essentially that where defense counsel is involved in an actual or potential conflict of interest, it is unnecessary for the defendant to establish actual prejudice, as prejudice is presumed by law. *People v. Franklin* (1979), 75 Ill. 2d 173, 176, 387 N.E.2d 685.

The holdings in two of our supreme court's decisions are particularly relevant to the circumstances in the present case. In *People v. Kester* (1977), 66 Ill. 2d 162, 361 N.E.2d 569, the court held that where the court-appointed assistant public defender who represented the defendant at the time his guilty pleas were accepted had earlier appeared on three occasions in the same criminal proceeding on behalf of the State as an assistant State's Attorney, there existed a *per se* potential conflict of interest necessitating reversal of defendant's

convictions. In *People v. Franklin* (1979), 75 Ill. 2d 173, 387 N.E.2d 685, the court held that no conflict of interest arose where defendant's trial counsel, while employed by the State's Attorney's office, prosecuted and convicted defendant 4½ years earlier on an unrelated charge. In that case, defense counsel had no recollection of the prior prosecution until after trial had concluded, and the court, relying on that fact, decided any "subliminal effects" and "subtle influences" would not be present and declined to speculate as to the result had counsel recalled the former prosecution. 75 Ill. 2d 173, 178-79, 387 N.E.2d 685.

In the appellate court decision of *People v. Hoskins* (1979), 73 Ill. App. 3d 739, 392 N.E.2d 405, the court interpreted *Franklin* to mean that no conflict of interest arises where counsel for the defendant prosecuted and defended a defendant in different, unrelated cases. (73 Ill. App. 3d 739, 742, 392 N.E.2d 405.) In *Hoskins*, a conflict of interest was found to exist where defendant's attorney representing him in a 604(d) (87 Ill. 2d R. 604(d)) hearing was a former prosecutor who had appeared as a prosecutor on several occasions in a case against defendant in which he was given probation. Although different proceedings, the court found these to be related under the circumstances because the offense underlying the 604(d) hearing resulted in the revocation of the defendant's former sentence of probation. *People v. Hoskins* (1979), 73 Ill. App. 3d 739, 741, 392 N.E.2d 405.

Defendant has not cited any case which holds that an attorney who formerly prosecuted a defendant and who subsequently represents a defendant in a different, unrelated case possesses an actual or potential conflict of interest. He argues, however, that once attorney Briscoe disclosed that he had prosecuted defendant, the trial court was obligated to recognize this conflict and inform the defendant of the conflict.

■ Under the case law cited above, we find no *per se* conflict of interest arose under the circumstances present in this record, and defendant does not argue actual prejudice resulted from the representation. There is no indication that attorney Briscoe prosecuted defendant in the original proceeding in this cause when defendant was placed on probation; nor does the record reveal that the prior prosecution of defendant by Briscoe was in a case which is related to this case. While attorney Briscoe apparently felt that he did not wish to substitute for his associate, attorney Will, who was the attorney of record, because he had formerly prosecuted the defendant, a *per se* conflict of interest cannot be said to exist arising out of this statement. There is nothing in attorney Briscoe's statement which reveals

any potential conflict of interest other than Briscoe's own erroneous conclusion that he could not be the attorney of record because he had formerly prosecuted the defendant.

We do not believe that once Briscoe stated his reason for not substituting for attorney Will the trial court under this circumstance had a duty to make further inquiry regarding the substance of Briscoe's statement to determine if a conflict of interest existed. Defendant cites *Holloway v. Arkansas* (1978), 435 U.S. 475, 55 L. Ed. 2d 426, 98 S. Ct. 1173, in support of his argument that the trial judge has an obligation to inquire further of counsel and the defendant to determine whether a conflict does in fact exist and if so, whether defendant knowingly and intelligently elects to proceed in the face of the conflict. *Holloway* involved the issue of joint representation of codefendants and has been held in *People v. Franklin* (1979), 75 Ill. 2d 173, 387 N.E.2d 685, to be inapposite to the circumstances which confront us here. 75 Ill. 2d 173, 179, 387 N.E.2d 685.

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

UNVERZAGT and SCHNAKE, JJ., concur.