# Illinois Official Reports

## Appellate Court

---

### *People v. Alexander*, 2019 IL App (4th) 170425

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANDRAY DONETA ALEXANDER, Defendant-Appellant. |
| District & No. | Fourth District<br>No. 4-17-0425 |
| Filed | December 17, 2019 |
| Decision Under Review | Appeal from the Circuit Court of McLean County, No. 15-CF-1266; the Hon. Scott D. Drazewski, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Patricia Mysza, and Christopher G. Evers, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Don Knapp, State's Attorney, of Bloomington (Patrick Delfino, David J. Robinson, and Rosario David Escalera Jr., of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE STEIGMANN delivered the judgment of the court, with opinion.<br>Justices Turner and Cavanagh concurred in the judgment and opinion. |

**OPINION**

¶ 1      In October 2015, the State charged defendant, Andray Doneta Alexander, with two counts of residential burglary (counts I and II) (720 ILCS 5/19-3(a) (West 2014)) and one count of possession of burglary tools (count III) (*id.* § 19-2(a)). In April 2017, a jury found defendant guilty of all three charges. In May 2017, the trial court sentenced defendant to 16 years in prison on counts I and II, 3 years in prison on count III, and ordered all sentences to be served concurrently.

¶ 2      Defendant appeals, arguing he was denied the effective assistance of counsel because his trial attorney labored under a *per se* conflict of interest. We disagree and affirm.

¶ 3                      I. BACKGROUND

¶ 4                      A. The Charges

¶ 5      In October 2015, the State charged defendant with two counts of residential burglary (*id.* § 19-3(a)) and one count of possession of burglary tools (*id.* § 19-2(a)). The trial court appointed counsel for defendant, and, ultimately, assistant public defender Jennifer Patton represented defendant in this case.

¶ 6               B. McLean County Case No. 05-CF-326

¶ 7      Prior to Patton's position in the McLean County Public Defender's Office, she served as a McLean County assistant state's attorney (ASA). On July 29, 2005, Patton appeared at a status hearing on behalf of the State in McLean County case No. 05-CF-326, in which the State had charged defendant with 14 counts of residential burglary and burglary. The docket entry for that date shows defendant's case was continued to August 1, 2005, for a "plea hearing."

¶ 8      On August 1, 2005, Patton again appeared on behalf of the State. Defendant pleaded guilty to four counts of residential burglary, and the State dismissed the remaining charges. The trial court sentenced defendant to eight years' in prison.

¶ 9               C. Defendant's Motion *in Limine*

¶ 10      In April 2017, defendant filed a motion *in limine* to exclude other-crimes evidence, including such evidence arising from McLean County case No. 05-CF-326. Following a hearing, the trial court found defendant's convictions prior to 2009 could not be introduced as they were "too remote."

¶ 11         D. The Jury's Verdict and the Trial Court's Sentence

¶ 12      The jury convicted defendant of two counts of residential burglary and one count of possession of burglary tools. In May 2017, the trial court sentenced defendant to 16 years in prison on counts I and II, 3 years in prison on count III, and ordered all sentences to be served concurrently.

¶ 13      This appeal followed.

II. ANALYSIS

Defendant appeals, arguing that Patton labored under a *per se* conflict of interest because she appeared on behalf of the State at defendant's guilty plea hearing 10 years earlier. We disagree.

"We review *de novo* the legal question whether the undisputed facts of record present a *per se* conflict." *People v. Morales*, 209 Ill. 2d 340, 345, 808 N.E.2d, 510, 512-13 (2004). "The sixth and fourteenth amendments to the United States Constitution guarantee the right to effective assistance of counsel." *People v. Taylor*, 237 Ill. 2d 356, 374, 930 N.E.2d 959, 970 (2010). "A criminal defendant's sixth amendment right to effective assistance of counsel includes the right to conflict-free representation." *Id.*

The Illinois Supreme Court has identified two categories of conflicts of interest: *per se* and actual. *Id.* "In determining whether a defendant received effective assistance of counsel based on an alleged conflict of interest, we first resolve whether counsel labored under a *per se* conflict." *People v. Hernandez*, 231 Ill. 2d 134, 142, 896 N.E.2d 297, 303 (2008). "A *per se* conflict of interest exists where certain facts about a defense attorney's status engender, by themselves, a disabling conflict." *Taylor*, 237 Ill. 2d at 374. There are three situations where a *per se* conflict exists: "(1) where defense counsel has a prior or contemporaneous association with the victim, the prosecution, or an entity assisting the prosecution; (2) where defense counsel contemporaneously represents a prosecution witness; and (3) where defense counsel was a former prosecutor who had been personally involved with the prosecution of defendant." *People v. Fields*, 2012 IL 112438, ¶ 18, 980 N.E.2d 35.

Here, defendant does not argue the case presented an actual conflict. However, defendant relies on *Hernandez*, *Morales*, and *People v. Kester*, 66 Ill. 2d 162, 361 N.E.2d 569 (1977), to support his argument that Patton's status as a former prosecutor who appeared at defendant's guilty plea hearing in 2005, engenders, *by itself*, a *per se* conflict. We disagree and find those cases distinguishable.

In *Hernandez*, the supreme court concluded a *per se* conflict existed because (1) counsel appointed to represent the defendant contemporaneously represented the defendant's victim and (2) the victim was on the list of State witnesses to be called in the defendant's case. *Hernandez*, 231 Ill. 2d at 151-52. In *Morales*, 209 Ill. 2d at 346, the supreme court found no *per se* conflict present when defense counsel contemporaneously represented a potential—but not called—State's witness. Both *Hernandez* and *Morales* are inapposite because, in this case, there was no contemporaneous representation of defendant and any of the State's witnesses who were called to testify.

Defendant claims *Kester* is particularly instructive. In *Kester*, the defendant's appointed counsel had previously appeared three times as the prosecutor in the same proceeding. *Kester*, 66 Ill. 2d at 163-64. In light of those facts, the supreme court held a potential *per se* conflict "exists in a situation such as this when a prosecutor who personally has been involved in the prosecution of a defendant in a particular criminal proceeding later assumes the duties of court-appointed defense counsel for that defendant in the same proceeding." *Id.* at 167. The *Kester* court further concluded appointed counsel in such a situation would have "a subliminal reluctance to attack pleadings or other actions and decisions by the prosecution which he may have been personally involved with or responsible for." *Id.*; see also *People v. Lawson*, 163 Ill. 2d 187, 217-18, 644 N.E.2d 1172, 1186 (1994) ("[W]here defendant's court-appointed defense

counsel also previously served in the same criminal proceeding as the prosecuting assistant State's Attorney, a possible conflict of interests existed.").

¶ 21 Patton, who was defense counsel in this case, was never involved in the prosecution of defendant *in this criminal proceeding*. This latter point is particularly important because we construe the supreme court's statement in *Fields* that a *per se* conflict exists "where defense counsel was a former prosecutor who had been personally involved with the prosecution of defendant" (*Fields*, 2012 IL 112438, ¶ 18) as meaning such a conflict exists when defense counsel was a former prosecutor who had been personally involved with the prosecution of the defendant *in the very case in which the defendant was then on trial*. Patton appeared on behalf of the State at defendant's guilty-plea hearing in an unrelated case more than 10 years earlier. Accordingly, *Kester* is inapposite.

¶ 22 The facts in *People v. Franklin*, 75 Ill. 2d 173, 387 N.E.2d 685 (1979), are similar to the facts here. In *Franklin*, the defendant argued a conflict of interest because his defense attorney had prosecuted him four years and six months earlier in an unrelated burglary offense. *Id.* at 178-79. The supreme court refused to find a *per se* conflict of interest because (1) defense counsel did not remember the prior prosecution until after the defendant's trial had concluded and (2) defense counsel's previous work in the state's attorney's office did not include the defendant's current case. *Id.* at 179-80. The court concluded, therefore, that any "subliminal effects" would not be present. *Id.* at 179. Accordingly, the supreme court refused to find a *per se* conflict of interest based on defense counsel's previous work as a prosecutor for the State, even when the attorney had previously prosecuted the defendant in another case.

¶ 23 Similarly, in this case, we conclude that Patton's prior work as a prosecutor, with no evidence that it was related in any way to defendant's current prosecution, did not come close to establishing a *per se* conflict of interest. To conclude otherwise would be contrary to what the supreme court wrote in *People v. Spreitzer*, 123 Ill. 2d 1, 19-20, 525 N.E.2d 224, 231 (1988), in which the supreme court rejected the notion that an assistant public defender could not properly represent a defendant because that counsel had been a prosecutor in the same county during the time that criminal charges were brought against the defendant. As the supreme court explained,

"Such a rule would have the undesirable effect of discouraging public defender's officers from hiring competent former prosecutors. Particularly in small counties where the entire criminal bar is itself not very large, a *per se* rule against assignment of an entire cohort of cases to a public defender who happens to employ a former prosecutor would be an administrative and financial nightmare." *Id.*

¶ 24                                                    III. CONCLUSION
¶ 25 For the reasons stated, we affirm the trial court's judgment.

¶ 26 Affirmed.