NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230309-U

NO. 4-23-0309

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 19, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Warren County |
| WILLIAM LEE FRAKES, | ) | No. 21CF100 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | James R. Standard, |
| | ) | Judge Presiding. |

JUSTICE CAVANAGH delivered the judgment of the court.
Justices Zenoff and Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*:    If an attorney appears as a prosecutor in a criminal case and later as defense counsel in a probation-revocation hearing in the same case, the attorney is in a *per se* conflict of interest, entitling the defendant to automatic reversal and a new probation-revocation hearing.

¶ 2    The circuit court of Warren County revoked the probation of defendant, William Lee Frakes, and resentenced him. Defendant appeals, arguing that, in the probation-revocation hearing, he was denied the effective assistance of counsel. In our *de novo* review (see *People v. Fields*, 2012 IL 112438, ¶ 19), we conclude that defense counsel labored under a *per se* conflict of interest and, in that respect, rendered ineffective assistance. Therefore, we reverse the judgment, and we remand this case for a new probation-revocation hearing, with the appointment of different defense counsel.

¶ 3                                  I. BACKGROUND

¶ 4        On August 16, 2021, the State charged defendant with forgery (720 ILCS 5/17-3(a)(2) (West 2020)).

¶ 5        On October 21, 2021, at a preliminary hearing, Alexander Whitman appeared on behalf of the State.

¶ 6        On February 8, 2022, defendant entered a negotiated guilty plea to the charge of forgery. The circuit court sentenced him to probation for two years.

¶ 7        From June to October 2022, the State filed petitions to revoke the probation.

¶ 8        On July 12, 2022, the circuit court appointed Whitman to represent defendant.

¶ 9        On December 29, 2022, at the probation-revocation hearing, Whitman appeared on behalf of defendant.

¶ 10        On January 4, 2023, the circuit court revoked the probation.

¶ 11        On March 2, 2023, at the resentencing hearing, Whitman again appeared on behalf of defendant. The circuit court imposed a new sentence of 42 months' imprisonment for forgery.

¶ 12        This appeal followed.

¶ 13                                    II. ANALYSIS

¶ 14        In proceedings to revoke probation, the defendant has the right, under the sixth amendment (U.S. Const., amend. VI), to receive effective assistance from defense counsel. *People v. Fountain*, 2012 IL App (3d) 090558, ¶ 15. "This [right] includes the right to conflict-free representation." *Id.* Defendant claims he received ineffective assistance in the revocation proceedings because the attorney who represented him in the proceedings was formerly a prosecutor in this case and, thus, was in a *per se* conflict of interest. There is a *per se* conflict of interest "when defense counsel was a former prosecutor who was personally involved in the prosecution of the defendant." *People v. Yost*, 2021 IL 126187, ¶ 66.

¶ 15        The State acknowledges that "Whitman did in fact appear on behalf of the People on October 21, 2021." Even so, for two reasons, the State disputes that Whitman was in a *per se* conflict of interest.

¶ 16        The first reason why, according to the State, there was no *per se* conflict of interest was that "Whitman only represented defendant in the probation revocation proceedings, a separate and distinct civil proceeding from defendant's criminal forgery prosecution." We are unconvinced by this first reason. Even though the probation-revocation proceedings were civil in nature (see *People v. Lindsey*, 199 Ill. 2d 460, 467 (2002)), they were proceedings in the same case in which Whitman previously was involved as a prosecutor (see *Yost*, 2021 IL 126187, ¶ 66). Prosecuting a defendant entails appearing at a preliminary hearing. Whitman appeared as a prosecutor at the preliminary hearing, making him personally involved in the prosecution of defendant in this same case. See *People v. Alexander*, 2019 IL App (4th) 170425, ¶ 21. Consequently, when Whitman later appeared as defense counsel in the probation-revocation hearing, he was in a *per se* conflict of interest. The same switching of sides happened in *People v. Curry*, 1 Ill. App. 3d 87, 88 (1971), except that, in *Curry*, the attorney first appeared as defense counsel in the guilty-plea hearing and later appeared as the prosecutor in the probation-revocation hearing. The Fourth District held that "the [probation-revocation] proceeding must be reversed because of the improper representation." *Id.* at 90. *Curry* is on point.

¶ 17        The other reason why, according to the State, Whitman was not in a *per se* conflict of interest was that his "involvement in the forgery prosecution was *de minimis*." In *People v. Lawson*, 163 Ill. 2d 187, 215 (1994), however, the supreme court held that a finding of a *per se* conflict of interest "was not dictated so much by the degree of the attorney's personal involvement as a prosecutor as by the fact that he served in that capacity at all." The conflicted attorney in

*Lawson*, Walter L. Brandon, appeared as a prosecutor only during the defendant's arraignment. *Id.* at 213. Later, Brandon represented the defendant throughout the rest of the criminal case. *Id.* The State argued that by appearing as an assistant state's attorney only one time, in the arraignment, Brandon made "minimal contact with the case," unlike the attorney in *People v. Kester*, 66 Ill. 2d 162 (1977), who made repeated appearances as a prosecutor in the case. *Lawson*, 163 Ill. 2d at 214. The supreme court in *Lawson* responded, "We do not believe that a factual distinction between one court appearance as compared to three is sufficient to justify differing results." *Id.* at 214-15. Regardless of how often defense counsel previously appeared in the case as a prosecutor and regardless of how substantive defense counsel's involvement had been as a prosecutor in the previous hearings, defense counsel's former "status," by itself, "engender[ed] a disabling conflict." *Id.* at 211. The defendant would not know, and would have no way of finding out, how deeply defense counsel had been involved, behind the scenes, in building the prosecution. Defense counsel might have had a "subliminal reluctance to attack pleadings or other actions and decisions by the prosecution which he may have been personally involved with or responsible for." (Emphasis and internal quotation marks omitted.) *Id.* at 214.

¶ 18       The supreme court concluded in *Lawson*:

"[W]here defendant's court-appointed defense counsel also previously served in the same criminal proceeding as the prosecuting assistant State's Attorney, a possible conflict of interests existed. Fairness to both the accused as well as his attorney dictates application of a *per se* rule. [Citations.] In such case, it is unnecessary for the defendant to show actual prejudice in order to be entitled to a reversal of his conviction." *Id.* at 217-18.

Likewise, in the present case, defendant's court-appointed defense counsel previously served as a prosecutor in the same criminal case. This former status, in itself, engendered a *per se* conflict of interest. To excuse the conflict by arguing that defense counsel's substantive involvement in the prosecution was unproven would be tantamount to requiring defendant to show actual prejudice. The rule, however, is that, absent a waiver by the defendant of his or her right to conflict-free counsel, a *per se* conflict calls for automatic reversal, even without a showing of actual prejudice. See *Yost*, 2021 IL 126187, ¶ 39.

¶ 19                                    III. CONCLUSION

¶ 20        For the foregoing reasons, we reverse the circuit court's judgment, and we remand this case for a new probation-revocation hearing consistent with this decision.

¶ 21        Reversed and remanded with directions.